GEORGE H. PLUMMER *vs.* JOHN A. GREENWOOD.

Essex.   November 3, 1897. — November 24, 1897.

Present: HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Conversion — Res Gestæ — Instructions — Delivery — Payment.*

At the trial of an action for the conversion of a carryall, it appeared that the defendant, who held the carryall under a bill of sale as security for a debt, left it with A., who had repaired it; that the defendant agreed with B., from whom he received it, to give up his claim upon it on payment of A.'s bill for repairs, the agreement being made in consideration of a part payment of his debt; that he then gave B. an order to A., which read, "Deliver to bearer my carryall upon payment of charges thereon"; and that B. then went with the plaintiff, carrying the order, to A.'s shop, where a conversation occurred among the three, which was introduced by the plaintiff against the defendant's objection as evidence of a novation which amounted in law to a payment of the bill for repairs, and also as evidence of a delivery of the carryall to the plaintiff. A. testified "that he knew the plaintiff, that he was good for any amount, and that he agreed to accept him as paymaster of the bill for all charges on the carryall." *Held*, that the conversation was competent as part of the *res gestæ*, and that the objection to the instructions of the judge, which allowed the jury to find that the conditions stated in the order upon which delivery might be made were performed, could not avail.

TORT, for the conversion of a carryall. At the trial in the Superior Court, before *Hammond*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the nature of which appears in the opinion.

*J. H. Sisk*, for the defendant.

*W. H. Niles & G. J. Carr*, for the plaintiff.

KNOWLTON, J. The defendant held a carryall under a bill of sale as security for a debt, and he left it in the possession of Sawyer and Chase, who had made repairs upon it. He agreed with Story, from whom he received it, to give up his claim upon it on payment of the bill of Sawyer and Chase for repairs, which amounted to thirty dollars. This agreement was made in consideration of a part payment of his debt, and he then gave Story an order to Sawyer and Chase, in substance as follows : " Sawyer and Chase, Deliver to bearer my carryall upon payment of charges thereon. John A. Greenwood." Story then arranged to sell it to the plaintiff, and went with him, carrying the order, to the shop of Sawyer and Chase, where he and Sawyer and the plaintiff had a conversation, which was introduced by the plaintiff as evidence of a novation that amounted in law to a payment of the bill for repairs, and also as evidence of a delivery of the carryall to the plaintiff. The only exceptions in the case are to the admission of this conversation in evidence, and to the instructions of the judge, which allowed the jury to find that the conditions stated in the order upon which delivery might be made were performed.*

As it was important for the plaintiff to prove a payment for the repairs and the delivery of the property, the words in which the transaction were clothed were clearly competent as a part of the *res gestæ. Place* v. *Gould*, 123 Mass. 347. It is not necessary, as contended by the defendant, that the payment should be in money. Sawyer testified " that he knew the plaintiff, that he was good for any amount, and that he agreed to accept him as paymaster of the bill for all charges on the carryall." The conversation objected to tended also to show that he accepted the plaintiff's promise as a payment, and that the debt of the defendant for the repairs was thereby discharged.

---

* The instructions were: " The order said that Sawyer and Chase were to be paid, but that is a matter for them (Sawyer and Chase) to consider. If they agreed to look to Plummer for the money, they had the right to waive the payment of it. For their benefit that was inserted in the order, and, at any rate, if they afterwards considered that Plummer or somebody besides Greenwood would pay it, why that is sufficient."

The instruction of the presiding justice upon this part of the case was correct. It was immaterial to the defendant in what form the payment was made. Anything that Sawyer and Chase chose to accept as a payment would discharge him from further liability, and establish a payment within the meaning of the order.                                   *Exceptions overruled.*