WILLIAM M. GRIFFIN *vs.* JOHN H. CUNNINGHAM.

Suffolk.    March 5, 1903. — June 17, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Frauds, Statute of.    Contract, Novation.*

In an action for the price of lumber sold to a contractor and used by him in the construction of a house of the defendant, if there is evidence that the defendant, owing money to the contractor, upon an order from the contractor agreed to pay the plaintiff's bill, and that the plaintiff agreed to accept the defendant as his debtor in place of the contractor, the defendant's promise can be found not to be a promise to answer for the debt of another within the statute of frauds but a direct promise to the plaintiff in consideration of his release of the original debtor.

CONTRACT for the price of lumber, furnished by the plaintiff to one Thomas Griffiths, a contractor, and used in the reconstruction of the defendant's house at Onset, the bill for which it was alleged that the defendant upon a written order of Griffiths agreed to pay. Writ in the Municipal Court of the City of Boston dated April 18, 1901.

The answer contained a general denial and set up the statute of frauds.

On appeal to the Superior Court the case was tried before *Pierce*, J. The plaintiff testified that, after all the lumber which he had furnished had been put into the house, he had several conversations with the defendant, the substance of which was that he was afraid that Griffiths would not pay for the lumber and that he proposed to trustee the defendant, and that the defendant said to him that he had a perfect right to trustee but that it would make him angry, and that he then proposed to him a plan by which the plaintiff was to get his bill approved by the contractor, Griffiths, and then present it to the defendant, who would pay it at the time of the settlement with Griffiths provided there was money enough left after the payment of labor liens; that the plaintiff then went to Griffiths and presented the bill to him, and Griffiths wrote the word "Approved" on the bottom of the bill, agreeing to let the defendant pay the plaintiff the amount of the bill at the time of the settlement; that being informed of this the defendant said to the plaintiff, "Very well, Mr. Griffin, I will pay you now in about thirty days, when we have our figuring up." The plaintiff further testified, that the amount of the bill which the defendant was to pay was $1,152.95; and that after he got the bill approved, he looked to the defendant and not to Griffiths for payment. The plaintiff further testified that about a month after this he came to Boston and went directly to the defendant's office to collect his bill, and that the defendant said: "I am very glad you came in. Do you know, that affair of mine down at East Wareham has taken a very funny turn. I find instead of my owing the contractor anything, the contractor is owing me something like $1,400. Of course as there is nothing coming to the contractor I could not pay your bill." Later, being sued by Griffiths, the defendant paid Griffiths $1,000 in settlement, and

notified the plaintiff that he had done so. The plaintiff further testified in regard to the promise of the defendant: " He promised to pay the amount of my bill, or pay to the amount of my bill what he had in his possession after what labor liens there were were paid. He was to pay all the money left in his hands to me." Much of the plaintiff's testimony was contradicted by that of the defendant.

At the close of the evidence, the defendant requested the judge to rule that upon all the evidence in the case as a matter of law the plaintiff was not entitled to recover. The judge refused to rule as requested, and submitted the case to the jury " upon instructions not excepted to."

The jury returned a verdict for the plaintiff in the sum of $1,349; and the defendant alleged exceptions.

*E. P. Saltonstall*, (*W. Flaherty* with him,) for the defendant.

*F. A. Appleton*, for the plaintiff.

BRALEY, J. If the promise made to the plaintiff by the defendant was nothing more than an oral agreement on his part to pay any balance due Griffiths that remained after a settlement of liens for labor, the undertaking was collateral, as the original debt owed by Griffiths to the plaintiff was not extinguished. And as it is not claimed that the defendant derived any benefit from the arrangement, the statute of frauds on which the defendant relies would be a full defence. *Curtis* v. *Brown*, 5 Cush. 488. *Manley* v. *Geagan*, 105 Mass. 445. *O'Connell* v. *Mount Holyoke College*, 174 Mass. 511, 514.

But there was something more. What the parties agreed to was in dispute. And as the case is before us on a refusal to rule that upon all the evidence the plaintiff could not recover, it becomes necessary to determine whether there was any evidence to sustain the verdict.

The plaintiff puts his case on a substitution of debtors, and his evidence in substance tended to prove that Griffiths, who was owing him a large amount for lumber that had been used in reconstructing a house belonging to the defendant, with whom Griffiths had a contract to furnish materials and do the work, agreed that the balance coming to him under the contract should be paid by the defendant to the plaintiff in settlement of his bill for the lumber; that the defendant, at whose suggestion the

arrangement was made, assented to the substitution and promised to pay the plaintiff the balance remaining due under the contract after the settlement of any liens for labor; and that relying on this agreement and in consequence of it the plaintiff released Griffiths, his original debtor, and looked to the defendant solely for the payment of his bill.·

The question is what was the intention of the parties, and in order to determine the character of the transaction all the circumstances are to be considered.

The substitution sought to be accomplished was a change of debtors to the extent of the plaintiff's claim against Griffiths, and it was not necessary that the whole indebtedness of the defendant to Griffiths, if it exceeded the amount of the plaintiff's bill, should have been discharged. But the arrangement between the parties was enough under the evidence in this case to fully discharge the defendant from any· liability under the building contract, as there was no contention that the amount due the plaintiff from Griffiths was not more than the sum finally paid to him by the defendant in the settlement made between them.

There was also evidence from which the jury might find that the original debt of Griffiths to the plaintiff had been discharged, though this follows if mutual consent to the substitution is proved. *Walker* v. *Sherman*, 11 Met. 170. If the claim of the plaintiff against him had been converted into a claim of the plaintiff against the defendant, it is not necessary to consider the transaction as a possible assignment of a part of the claim of Griffiths against Cunningham, and that in such a case the plaintiff could have relief only in equity. See *James* v. *Newton*, 142 Mass. 366, 374; *Holbrook* v. *Payne*, 151 Mass. 383, 384.

Under the plaintiff's evidence, the defendant, by accepting the order of Griffiths, who signed it with the understanding that the bill of the plaintiff was to be paid by the defendant, contracted not only to pay the debt, but also as a part of the transaction undertook that the debt should be paid to the plaintiff, while the plaintiff at the same time agreed to accept the defendant as his debtor in place of Griffiths.

It would not be enough that the defendant accepted the order; he must go further and promise to pay the plaintiff. The con-

sideration for the promise is that the plaintiff as a part of the completed arrangement became bound to look solely to the defendant for the money owed him, instead of to Griffiths. If the original debtor did not remain liable, the defendant's promise was not to answer for the debt of another, and it was not within the statute. *Furbish* v. *Goodnow*, 98 Mass. 296. *Richardson* v. *Robbins*, 124 Mass. 105.

For these reasons, the case does not fall within *Curtis* v. *Brown*, *ubi supra*, as argued by the defendant; but is to be governed by *Caswell* v. *Fellows*, 110 Mass. 52, 54, *Eden* v. *Chaffee*, 160 Mass. 225, *Trudeau* v. *Poutre*, 165 Mass. 81, and *Plummer* v. *Greenwood*, 169 Mass. 584. It is to be distinguished from the line of decisions in which this court has held that a stranger to a simple contract from whom no consideration moves cannot sue on it or enforce a promise made to another for his benefit. *Exchange Bank* v. *Rice*, 107 Mass. 37; *Borden* v. *Boardman*, 157 Mass. 410, and cases cited. *Aldrich* v. *Carpenter*, 160 Mass. 166.

In the case at bar the plaintiff was the promisee, and the contract between him and the defendant gave all the contractual rights provided for his benefit and had an ample consideration to support it by the release of the original debtor.

If there had been no conflict of testimony, and the terms of the alleged substitution of debtors was not in dispute, whether enough had been made out to establish the claimed novation would have been a matter of law for the court. But there were two possible conclusions on the evidence: if the defendant was believed, the plaintiff could not prevail; while if the plaintiff's testimony was accepted as true, a complete substitution had taken place and the defendant was liable. Obviously it could not be ruled as matter of law that the plaintiff was not entitled to recover; and as the case was submitted to the jury under instructions not excepted to, the presumption is that they were full and accurate, and the order must be

*Exceptions overruled.*