FRED J. HUMPHREY *vs.* THERON M. TOTMAN.

Hampshire.     September 21, 1909. — January 4, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY,
SHELDON, & RUGG, JJ.

*Pleading, Civil,* Variance.   *Contract,* Performance and breach.

A declaration in contract alleged that the plaintiff agreed to sell to the defendant a certain business with the good will thereof for the sum of $500, that the plaintiff performed his part of the agreement, but that the defendant paid the plaintiff only $100, and refused to pay more. The evidence, which was uncontradicted, showed that the plaintiff sold the business "to the defendant for $500, to be paid in instalments of fifteen per cent of the gross receipts of the business, payments to be made as soon as the fifteen per cent amounted to $100 . . . and to continue to pay in the same way until $500 was paid." There was no evidence that the gross receipts amounted to so much that $500 was due and payable when the action was brought. The defendant asked the presiding judge to rule that there was a variance between the allegations in the declaration and the proof at the trial and that the plaintiff could not recover on the declaration as stated above. The judge refused to make this ruling and the jury returned a verdict for the plaintiff. *Held,* that there was a variance, and that the ruling asked for should have been made.

CONTRACT, with two counts, the first of which is quoted in the opinion.   The second count was upon an account annexed. Writ dated August 16, 1907.

In the Superior Court the case was tried before *Hitchcock,* J. The evidence is described in the opinion.   At the close of the evidence the plaintiff waived his claim under the second count and agreed that there was no evidence to go to the jury on that count.   The defendant asked the judge to rule as follows:

"First.   Upon all the evidence the defendant is entitled to a verdict.

"Second.   That there was a variance between the allegations in the declaration and the proof at the trial and plaintiff cannot recover on the first count in his declaration."

The judge refused to make either of these rulings, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $413.20.   The defendant alleged exceptions.

The case was argued at the bar in September, 1909, before *Knowlton*, C. J., *Morton*, *Hammond*, *Loring*, & *Sheldon*, JJ., and afterwards was submitted on briefs to all the justices.

*W. A. Davenport*, for the defendant.

*W. J. Reilley*, for the plaintiff.

HAMMOND, J.   The plaintiff having waived the second count of the declaration, the case was submitted to the jury only upon the first count.   This count was upon a special contract; and one of the grounds of the defense was that there was a material variance between the contract therein described and the contract proved.

The count is as follows: " And the plaintiff and defendant entered into an agreement whereby the plaintiff agreed to sell to the defendant a certain cheese business with the good will thereof and the defendant agreed to pay therefor the sum of $500.   That plaintiff well and duly performed his part of the agreement; that defendant neglected and refused and still neglects to perform his part of the said agreement and has paid the plaintiff only $100 of the said sum ; wherefore plaintiff says the defendant owes him the sum of $400 and interest thereon from the fifth day of January, 1903."

The evidence as to what the contract was is not conflicting. The plaintiff testified that " the business was sold to defendant for $500, to be paid in instalments of fifteen per cent of the gross receipts of the business, payments to be made as soon as the fifteen per cent amounted to $100 — that is, when fifteen per cent of the gross receipts reached $100, defendant was to pay the plaintiff $100, and to continue to pay in the same way until $500 was paid."   The defendant testified that this statement made by the plaintiff as to the purchase price and manner of payment was correct.   The plaintiff's description of the terms of the contract must therefore be taken.   The consideration for the defendant's promise is correctly set forth, — namely, the sale of the business.   There is therefore no trouble as to the setting forth of the consideration, and cases like *Stone* v. *White*, 8 Gray, 589, cited by the defendant, are not applicable.

But while the consideration for the defendant's promise is correctly set forth in the count relied upon, there is plainly a material variance between the promise itself as set out in the

count and the promise proved. The promise set out is to pay $500; the promise proved is to pay that sum in instalments of $100 each as and whenever fifteen per cent of the gross receipts equal an instalment. The promise set out is absolute and the sum is due; the promise proved is to pay in instalments upon the happening of certain events. The former can be proved by evidence which would be wholly insufficient to prove the latter. It is not a sufficient answer to say that had the defendant gone on with the business fifteen per cent of the gross receipts in all probability would have amounted to $500. A complete answer to this is that there was no evidence that the gross receipts did amount to so much; and therefore there was no evidence that the time had come when by the terms of the contract the $500 was due and payable. In other words, the plaintiff failed to show that by the terms of the contract alleged in the declaration the sum was due. The case must be distinguished from a class of which *Brackett* v. *Evans*, 1 Cush. 79, is a type, where the promise for the enforcement of which the action is brought is not the only promise made by the defendant. In that case the declaration alleged that the defendant in consideration of the conveyance by the plaintiff to him of certain real estate promised to pay a certain tax thereon ; and it was held that there was no variance, and the plaintiff could recover although the promise to pay the tax was not the only promise made by the defendant in the transaction. In the case before us the trouble is not that the plaintiff has failed to prove all the promises made by the defendant, but that he has failed to prove the promise relied upon. And even if the real circumstances were such as to enable the plaintiff under proper proceedings to recover *pro rata*, he could not recover upon this count because it is a count upon a contract different from that shown by the evidence. The second request should have been given. *Sheafe* v. *Locke*, 1 Allen, 369. See also *Harrington* v. *Brown*, 7 Pick. 231, and cases cited.

The second count having been withdrawn and there being no case for the plaintiff on the first count, the first request that upon the evidence the plaintiff was not entitled to recover also should have been given.

*Exceptions sustained.*