POPE AND COTTLE COMPANY *vs.* JOHN T. WHEELWRIGHT & another, trustees.

Suffolk.    October 18, 1921. — November 30, 1921.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Contract,* Novation, Validity, Consideration.  *Practice, Civil,* Variance.  *Frauds, Statute of.*

A retail lumber corporation delivered certain lumber and building materials of the value of $1,478.63 to a contractor to be used by him in the construction of a garage for certain trustees.  In the declaration in an action by the corporation against the trustees for the value of such merchandise it was alleged that one of the trustees agreed with the plaintiff to pay to it the amount of its claim against the contractor "from such funds as might be in his hands due . . . [the contractor] for the building of the garage" and that the plaintiff had agreed to look to the defendants for payment of its claim and not to prosecute its claim against the contractor and that it had discharged the contractor from liability.  An officer of the corporation testified that the trustee told him "that he would take care of my account."  The attorney for the plaintiff testified that the trustee said to him "he would take care of the account" and on a later occasion "Do not worry about that, I will take care of it; you will get your money" and still later "not to worry about it, he would take care of the account."  At the close of the evidence the defendants filed a motion that a verdict be ordered for the defendants, which was denied.  The judge also refused to rule as requested by the defendants either that "Upon all the evidence there is no evidence of a novation as alleged in the . . . declaration" or that "Upon all the evidence there is a variance between the allegations in the . . . declaration and evidence produced by the plaintiff."  Upon exceptions by the defendants it was *held,* that

(1) While the defendants' promise set forth in the count relied on was conditional, the promise actually proved was absolute and unconditional;

(2) There plainly was a material variance between the allegation and the proof;

(3) As the proof did not sustain the allegation, it followed that the defendants' requests for rulings should have been given;

(4) If the jury should find from the evidence, which warranted the finding, that the parties mutually agreed that the defendants should pay the plaintiff what the contractor owed it, and that the plaintiff accepted the defendants as its debtor in the place of the contractor and released the latter, such a contract would be valid;

(5) The unconditional promise of the defendants to pay the plaintiff's debt would be an original and not a collateral one and would not be within the statute of frauds;

(6) The release of the contractor by the plaintiff would constitute a sufficient consideration for the defendants' promise to the plaintiff.

In the above described action it was *held* that the motion made by the defendants that a verdict be ordered for the defendants should have been granted, and a rescript was issued, "Exceptions sustained."

CONTRACT, with a declaration in three counts, the third count, as amended, alleging that the plaintiff furnished to a contractor lumber and building materials of the value of $1,478.63 to be used by the contractor in the construction of a garage for the defendants; that one of the defendants agreed with the plaintiff to pay to the plaintiff the amount of its claim against the contractor "from such funds as might be in his hands due the said" contractor "for the building of the garage" and that the plaintiff agreed to look only to the defendants for payment and not to prosecute and did not prosecute its claim against the contractor and agreed to discharge and did discharge the contractor from all liability for its claim.   Writ dated March 5, 1918.

The answer was a general denial and alleged that the contract as set forth in the third count of the plaintiff's declaration was "a promise to pay the debt of another and is not alleged to have been in writing and therefore is within R. L. c. 74, § 1."

In the Superior Court the action was referred to an auditor and afterwards was tried before *Morton*, J., upon the auditor's report and other evidence, material portions of which are described in the opinion.

At the close of the evidence the defendants filed a motion that a verdict be ordered for the defendants.   This motion was denied. The defendants also made the following requests for rulings:

"1. Upon all the evidence there is no evidence of a novation as alleged in the third count of the plaintiff's declaration.

"2. Upon all the evidence there is a variance between the allegations in the third count of the plaintiff's declaration and evidence produced by the plaintiff.

"3. Count three of the plaintiff's declaration as amended, does not set forth a legal cause of action.

"4. Count three of the plaintiff's declaration sets forth an oral promise to pay the debt of another and is therefore within the statute of frauds.

"5. Upon all the evidence there is no evidence of authority of the defendants as trustees, or either of them to make the contract as alleged in the third count of the plaintiff's declaration."

The judge refused to give the rulings, ordered a verdict for the defendants upon the first two counts of the declaration and submitted special questions to the jury relating to the third count in the declaration, which, with the jury's answers thereto, were as follows:

"1. Did the defendants agree with the plaintiff for a consideration to pay the indebtedness of Blakeley to plaintiff?" The jury answered, "Yes."

"2. Did the plaintiff agree to release Blakeley from his indebtedness to them?" The jury answered, "Yes."

"3. Did the defendants owe anything to Blakeley, when and if they agreed to pay Blakeley's indebtedness to plaintiff?" The jury answered, "Yes."

"4. If the defendants then owed Blakeley, how much was owed?" The jury answered, " $1,667.87."

Upon the above findings by the jury the judge ordered a verdict for the plaintiff; and the defendants alleged exceptions.

The case was submitted on briefs.

*A. S. Apsey & L. L. Green,* for the defendants.

*J. C. Jones, Jr. & E. E. Allen,* for the plaintiff.

CROSBY, J. This is an action of contract to recover $1,478.63. The case was heard by an auditor who found for the defendants. Afterwards a jury in the Superior Court made specific findings of fact and a verdict was returned for the plaintiff for the full amount of its claim. The case was submitted to the jury solely on the third count of the declaration, and is before this court on exceptions to the refusal of the trial judge to give certain requests for rulings.

The plaintiff sold to one Blakeley lumber and materials amounting to $1,478.63 to be used by the latter in building a garage for the defendants. There was evidence to show that Blakeley failed to complete his contract with the defendants according to its terms. The plaintiff contends, and offered evidence to show, that the defendant Apsey entered into an agreement with it and promised to pay the amount of its claim against Blakeley; that the plaintiff thereafter agreed to look to the defendants for such payment, and discharged Blakeley from liability. The defendants contend that there was no evidence of a novation as alleged in the third count, that the promise alleged was a promise to pay the

debt of another and therefore within the statute of frauds; that there was a variance between the allegations and the proof; and that upon these and other grounds the plaintiff is not entitled to recover.

The third count in substance alleges that by the terms of the agreement between the plaintiff and the defendants the defendant Apsey agreed to pay the plaintiff the amount of the claim against Blakeley "from such funds as might be in his hands due the said Blakeley." One Marion, an officer of the plaintiff corporation, testified that Mr. Apsey told him "that he would take care of my account;" the plaintiff's attorney testified that Apsey said to him, "he would take care of the account;" that on November 12 Apsey said to the attorney "Do not worry about that, I will take care of it; you will get your money;" that in December, 1917, Apsey again told him "not to worry about it, he would take care of the account." The foregoing is the substance of all the evidence relating to the defendant's promise to pay the plaintiff.

While the defendant's promise set forth in the count relied on is conditional, being a promise to pay "from such funds as might be in his hands due the said Blakeley," the promise actually proved is absolute and unconditional; there is plainly a material variance between the allegation and the proof. It is manifest that there was no misapprehension at the trial respecting the conditional promise set up in the third count. The court stated to the jury that "The plaintiff does not claim in this case that there was any absolute promise to pay. The plaintiff does not claim that the defendants made any absolute promise to pay regardless of the state of the account between the defendants and Blakeley. The plaintiff says that what Apsey agreed to do was to pay the plaintiff if anything was due from the defendants to Blakeley. That is its statement and allegation in the declaration, and that is a fact, of course, which they must prove." As the proof did not sustain the allegation it follows that the defendants' first and second requests should have been given. *Humphrey* v. *Totman*, 204 Mass. 8.

There was evidence from which the jury could have found that the parties mutually agreed that the defendants should pay the plaintiff what Blakeley owed it, and that the plaintiff accepted the defendants as its debtor in the place of Blakeley and released

the latter. If the jury so found, the contract would be valid. *Call* v. *Calef*, 4 Cush. 388. *Caswell* v. *Fellows*, 110 Mass. 52. *Trudeau* v. *Poutre*, 165 Mass. 81. *Griffin* v. *Cunningham*, 183 Mass. 505.

The unconditional promise of the defendants to pay the plaintiff's debt would be an original and not a collateral one and would not be within the statute of frauds. *Griffin* v. *Cunningham, supra. Miles* v. *Driscoll*, 201 Mass. 318. *Ellis* v. *Felt*, 206 Mass. 472.

There was evidence that the plaintiff released Blakeley in consideration of the defendants' promise to it. Such a release would constitute a sufficient consideration for the defendants' promise to the plaintiff. There was also evidence from which it could have been found that in consideration of the promise the plaintiff agreed not to bring an action against Blakeley and summon the defendants as trustees.

As there was a material variance between the allegations and the proof, it is unnecessary to consider the exceptions to the third and fourth requests; the fifth has not been argued and is treated as waived; the exception to the refusal to give the first and second is sustained. The motion that a verdict be ordered for the defendants should have been allowed.

*Exceptions sustained.*