DOROTHY M. MABEE *vs.* ERNEST L. HERSUM.

Middlesex.    December 5, 1923. — February 28, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract*, Consideration.    *Practice, Civil,* Variance, Ordering of verdict.

In the declaration in an action of contract by a woman, it was alleged that the defendant agreed with the plaintiff that, if she would buy a certain number of shares of stock in a certain corporation by which she at that time was employed as a bookkeeper and of which the defendant was a majority stockholder, he would pay her a salary and dividends upon the shares, with the proceeds of which she could pay for the shares by instalments. At the trial of the action, the evidence of the plaintiff tended merely to show that after she had made arrangements with a third party to buy from him the "shares of stock in the corporation she discussed definitely for the first time with the defendant the terms on which she was to buy the stock." At the close of the evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. *Held,* that

(1) The evidence did not tend to prove the consideration set out in the declaration;

(2) The failure to prove the consideration set out in the declaration

left the alleged promise without any legal consideration to support it and it was unenforceable;

(3) The variance between the allegations and the proof reached to the life of the action itself;

(4) A verdict for the defendant should have been ordered.

CONTRACT OR TORT, with a declaration in two counts, the first of which is described in the opinion, and the second of which became immaterial by reason of its having been withdrawn at the close of the evidence. Writ dated June 7, 1921.

In the Superior Court, the action was tried before *Macleod,* J. Material evidence is described in the opinion. A motion by the defendant that a verdict be ordered in his favor was denied. There was a verdict for the plaintiff in the sum of $4,080. The defendant alleged exceptions.

*J. H. Morson,* for the defendant.

*J. L. Edwards,* for the plaintiff.

PIERCE, J. This is an action of contract. The first count of the declaration alleged that " the defendant on or about August 1, 1920, promised and agreed with the plaintiff that if she would buy seventy-one shares of stock in Hersum and Company, a Massachusetts corporation, by whom she was at that time employed as bookkeeper and of which he was at that time majority stockholder, he would pay her a salary, and dividends upon said shares, with the proceeds of which she could pay for said shares upon instalments. And the plaintiff says that in consideration of the said promise of the defendant she paid $2,000 on account of the purchase price of said shares and signed notes for $5,000 payable at stated intervals in instalments over a period of three years. And the plaintiff says that the defendant, wholly regardless of his said promises and agreements, discharged the plaintiff from her position aforesaid without any cause, whereby she was unable to pay for said seventy-one shares as she agreed, thereby losing the $2,000 she had paid on account, and the said shares of stock, for which she claims damages of the defendant." At the close of the testimony the defendant made a motion in writing that the court instruct the jury to return a verdict for the

defendant on count 1 of the plaintiff's declaration. The motion should have been allowed.

No evidence whatsoever was offered by the plaintiff in support of the allegation of the declaration " that the defendant on or about August 1, 1920, promised and agreed with the plaintiff that if she would buy seventy-one shares of stock in Hersum and Company . . . he would pay her a salary, and dividends upon said shares, with the proceeds of which she could pay for said shares upon instalments." The testimony of the plaintiff, as also that of her husband, was to the effect " that after she had made her arrangements with [one] Farnham to buy his seventy-one shares of stock in the corporation she discussed definitely for the first time with the defendant the terms on which she was to buy the stock;" and that the defendant said " he would employ . . . [her] until . . . [her] shares were paid for; " that " it would take three years; . . . that he would be able to pay dividends and . . . [she] would be able to pay for . . . [her] shares."

The promise of the defendant to employ the plaintiff until she could pay for her shares of stock purchased from Farnham with the proceeds of her salary and possible corporate dividends, if based upon any legal consideration, is supported by a consideration which in no respect is the equivalent to the alleged promise to pay salary and dividends to the plaintiff if she would buy seventy-one shares of stock in Hersum and Company. Failure to prove the consideration upon which the promise set out in the declaration rests, leaves the promise without any legal consideration to support it. Such a promise is clearly nonenforceable.

Moreover, the variance between the allegations of the declaration and the proof reaches to the life of the action itself. The difference is radical, and required the presiding judge to sustain the motion for a directed verdict, for the reason that the variance went to the merits of the case, and the evidence was entirely inadequate to sustain the allegation of the declaration. *Shaw* v. *Boston & Worcester Railroad,* 8 Gray, 45, 72. *Stone* v. *White,* 8 Gray, 589, 594. *Humphrey* v. *Totman,* 204 Mass. 8. *Pope & Cottle Co.* v. *Wheelwright,* 240 Mass. 221.

The second count having been withdrawn, and there being no case for the plaintiff on the first count, the first request, that upon all the evidence the plaintiff was not entitled to recover, also should have been given.

*Exceptions sustained.*