FRED W. GIFFORD *vs.* GEORGE A. EASTMAN.

Suffolk.   November 20, 1924. — February 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Stockbroker.   Practice, Civil,* Verdict, Exceptions.

A customer of a stockbroker purchased through him certain stock and paid $700 for the stock and the broker's commission, and, at the suggestion of the broker, left it in his possession for sale. Later, the customer ordered the broker to sell the stock forthwith at a certain price, or to return it at once to him. The broker was unable to sell at the price

set and did not return the stock. Over fourteen months later, the customer brought an action of contract or tort against the broker. *Held*, that

(1) When the last order was given by the plaintiff to the defendant, the defendant's agency for the plaintiff was limited to an immediate sale at the certain price or to a return of the stock without delay;

(2) There was evidence for the jury that the defendant withheld the stock from the plaintiff from the date of the last order to the date of the writ with the intention of appropriating it to himself.

The action above described was in "contract or tort," and the declaration contained two counts alleged to be for the same cause of action. The first count was upon an account annexed for $700, money alleged to have been received by the defendant to the plaintiff's use, and interest. In the second count, the plaintiff alleged that the defendant "neglected and refused to execute" the order of sale "and also neglected and refused to deliver said stock or any part thereof to the plaintiff," and that the plaintiff was deprived of the opportunity to sell the stock at an advanced price. The defendant asked for a ruling that there could be no recovery on the first count. The request was denied. There was no request for such a ruling as to the second count. The jury were instructed that they could not recover a sum larger than that paid by the plaintiff to the defendant and interest. The jury found generally in that sum for the plaintiff. The defendant excepted to the refusal of his request for a ruling as to the first count. *Held*, that

(1) Even if the request should have been given, the verdict being general and supported by the second count, the exception must be overruled;

(2) A failure precisely to set out the cause of action in the second count in the circumstances would not warrant a setting aside of the verdict;

(3) If the defendant relied on a variance between the evidence and the allegations of the second count, he should have raised that question by a request similar to the request under the first count.

CONTRACT OR TORT, with a declaration in two counts, described in the opinion. Writ dated February 26, 1921.

In the Superior Court, the action was tried before *Irwin,* J. Material evidence is described in the opinion. There was no evidence tending to show the value of the stock in question on December 9, 1919, except as stated in the opinion. At the close of the evidence, the defendant asked for the following rulings, among others:

"1. Upon all the evidence the plaintiff is not entitled to recover on the count numbered one."

"6. There is no evidence of any nature or description in this case tending to show that the plaintiff when giving the order in the alternative on or about December 9, 1919, for

the sale of the stock at thirty-five cents — placed any time limit by which the defendant's authority to sell the said stock at thirty-five cents per share would expire and automatically cease, — such being the case, the order to sell the stock for thirty-five cents per share given by the plaintiff would remain in force thereafter until cancelled — which could be done in either one or two ways, — first, either by the plaintiff withdrawing the order for sale of the stock, or, by making a new demand upon the defendant for the delivery of the stock; and there is no evidence of any nature or description in this case that the order for sale was cancelled, or that any new demand was made upon the defendant after December 9, 1919.

"7. As the plaintiff has judicially admitted that he gave the defendant an order to sell the stock for thirty-five cents per share on or about December 9, 1919, then in such case the defendant had the right to hold the said stock as agent for the plaintiff for the purpose of effecting a sale for thirty-five cents per share."

The judge in his charge to the jury stated: "But there can be no evidence before you that at any time during those negotiations the market reached thirty-five cents. I rule as a matter of law that the most the plaintiff could recover would be the sum of $700 and interest from the date of the writ, February 26, 1921."

The jury found for the plaintiff in the sum of $815.50, which, the bill of exceptions states, is $700 and interest from the date of the writ. The defendant alleged exceptions to the refusal of the judge to give the rulings asked for.

*P. H. Kelley,* for the defendant.

*A. Mehlinger,* (*G. A. A. Pevey* with him,) for the plaintiff.

BRALEY, J. The plaintiff on or about November 18, 1919, having ordered the defendant, a stockbroker, to purchase five thousand shares of "Oklahoma Oil Stock" at thirteen cents a share, the defendant notified him that the stock had been bought, and rendered a statement for $650 with a commission of $50 for his services, making the total amount $700, which had been paid to the defendant when the order

was given. The jury could find on the evidence introduced by the plaintiff that on the defendant's advice the stock was left in his possession for sale, and that on December 9, 1919, the plaintiff notified the defendant to sell it forthwith at thirty-five cents a share, the price at which the stock was then quoted, or to return the stock at once to the plaintiff.

The defendant neither sold nor delivered the stock, and the plaintiff sues in contract to recover the money back under a count on an account annexed for money had and received, and in tort under a second count, the allegations of which are, "that on or about November 18, 1919, the defendant was doing business as a stockbroker in said Boston under the name of G. A. Eastman & Co.;" that for the consideration of $700 paid by the plaintiff, "the defendant then agreed to buy for and to deliver to said plaintiff, 5,000 shares of stock of Boston O. K. Oil Co.; that this consideration consisted of 13c per share for said stock and a broker's commission to said defendant of $50 — ; that the defendant then reported to the plaintiff the purchase of said stock at said price, but failed and neglected to deliver said stock or any part thereof to the plaintiff, and on demand therefor by the plaintiff induced the plaintiff to allow him to retain the said stock for a longer time for future sale, and on or about December 9, 1919, the plaintiff again demanded of the defendant that he then either sell said stock at the then market price of 35c a share or $1,750 — , or deliver the said stock to the plaintiff; that the defendant then neglected and refused to execute said order of sale, and also neglected and refused to deliver said stock or any part thereof to the plaintiff, and thereby the plaintiff was deprived of the opportunity to sell said stock at an advanced price over and above the purchase price thereof, to the damage of the plaintiff in the sum of $1,750 — and interest thereon from said date." Both counts are alleged to be for one and the same cause of action.

The defendant's evidence tended to show that after the plaintiff's notice and demand he attempted to sell the stock on the exchange where it was listed at thirty-five cents a share, but on the day when the order was given only two

hundred shares were sold at that price, and he was unable to execute the order, and the stock thereafter never sold on the exchange for the price named by the plaintiff.

The stock was bought with the plaintiff's money and when purchased it became the property of the plaintiff to whom the defendant as his agent was bound to make delivery on demand. *Cushman* v. *Snow*, 186 Mass. 169. But the plaintiff, instead of demanding the stock, left it in the defendant's possession for sale, and the defendant ceased to be an agent to buy, and became an agent to sell forthwith at thirty-five cents, the then quoted market price, or to return the stock to the plaintiff. The defendant's agency was thus limited to an immediate sale at a certain price, or to a return of the stock without delay. No discretionary power was given, and his authority cannot be enlarged by his own interpretation of it. *Mussey* v. *Beecher*, 3 Cush. 511. *Stollenwerck* v. *Thacher*, 115 Mass. 224. The orders to sell, or to return, were given December 9, 1919, and the defendant between that date and February 26, 1921, the date of the writ, having made no attempt or offer to return, there was evidence for the jury that he withheld the stock with the intention of appropriating it to himself.

The defendant's sixth and seventh requests were properly refused. *Spooner* v. *Holmes*, 102 Mass. 503, 506. *Jones* v. *Cavanaugh*, 149 Mass. 124, 126. *Boston Supply Co.* v. *Rubin*, 214 Mass. 217. But even if the defendant's first request that "Upon all the evidence the plaintiff is not entitled to recover on the count numbered one" should have been given, the plaintiff contends, that the second count is sufficient to support the action, and the verdict. It has been held after a verdict for the plaintiff as in the case at bar, that the verdict will not be upset even if the cause of action is not precisely set forth in the declaration. *McLean* v. *Richardson*, 127 Mass. 339. *Noyes* v. *Caldwell*, 216 Mass. 525, 527. The defendant did not demur to the second count, and, if he relied on a variance between the evidence and the allegations of that count, he should have raised the question by a request similar to the request under the first count. It cannot be raised for the first time at the argument before us.

*McLean* v. *Richardson*, 127 Mass. 339.  *Greenstein* v. *Chick*, 187 Mass. 157.  *Oulighan* v. *Butler*, 189 Mass. 287.  *Garfield* v. *Peerless Motor Car Co.* 189 Mass. 395.  *McCormack* v. *Butland*, 191 Mass. 424.  *Ryder* v. *Ellis*, 241 Mass. 50.  See *Ridenour* v. *H. C. Dexter Chair Co.* 209 Mass. 70.

The general verdict, being supported by the second count must stand, and judgment may be entered thereon.  *West* v. *Platt*, 127 Mass. 367, 371.  *Brown* v. *Woodbury*, 183 Mass. 279, 281.  *Commercial Wharf Corp.* v. *Boston*, 208 Mass. 482, 487.

*Exceptions overruled.*