BENJAMIN ROSEGARTIN *vs.* S. A. COHEN.

Suffolk.    January 26, 1927. — March 3, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Contract,* Construction.    *Practice, Civil,* Variance.    *Evidence,* Materiality.
    *Words,* "Secured."

An action for breach of a contract by the defendant to pay the plaintiff as a salesman in addition to a salary twenty-five per cent "of the net profit upon the business secured by" the plaintiff cannot be maintained, where it appears that the defendant also employed another man as salesman, upon evidence tending merely to show the total amount of business done at the defendant's store during the period he was in the defendant's employ, the total expenses incurred, the total profit and the net profit of all business done.

CONTRACT.    Writ dated July 7, 1925.

In the Superior Court, the action was tried before *Hammond,* J. Material evidence is described in the opinion. At the close of the plaintiff's evidence, by order of the trial

judge, a verdict was entered for the defendant.   The plaintiff alleged exceptions.

*W. B. Keenan,* for the plaintiff.

*J. H. Cinamon,* for the defendant.

CROSBY, J.   The declaration alleges in substance that, when the plaintiff entered the employ of the defendant as a salesman, the defendant promised to pay him in addition to his salary twenty-five per cent "of the net profit upon the business secured by the plaintiff; which was to be paid at the end of one year from the day the plaintiff entered the defendant's employ"; that either party, if dissatisfied with the other, might at any time terminate the contract; that during the employment the total amount of business procured by the plaintiff "netted a total income of $39,990.68, with a gross profit of $11,242.58 to the defendant, of which actual expenses were $9,750, leaving a net profit of $1,492.58"; and that the defendant owes the plaintiff twenty-five per cent of the last named amount.

The plaintiff testified that he went to work for the defendant in his store under this oral agreement on or about December 20, 1923, and terminated the employment on May 31, 1925; that the defendant promised to pay him twenty-five per cent "of the net profit" of the store at the end of the year; that another man was also employed there as salesman. The plaintiff offered in evidence certain slips of paper purporting to show the total amount of business done at the store during the period he was in the defendant's employ, the total expenses incurred, the total profit and the net profit of all business done.   These papers, he testified, were copied by him from the original books of entry of the defendant, which he kept.   The slips were excluded by the trial judge, subject to the plaintiff's exception.   If they were not otherwise inadmissible, as they did not show the amount of business procured by the plaintiff they were rightly excluded.

The allegation of the declaration that the amount of business procured by the plaintiff resulted in a net profit of $1,492.58 was material, and had to be proved to entitle him to recover.   The slips related only to the entire business and were therefore immaterial to the issue involved.   The

allegation that the defendant promised to pay the plaintiff twenty-five per cent of the net profit of the business "secured" by him, cannot rightly be construed as a promise to pay him twenty-five per cent of the net profit of the entire business. If such had been the intention of the parties, they naturally would have so stipulated. The word "secure" is defined as meaning: to obtain; to give or to produce; to get possession or hold of; gain. The business "secured" by the plaintiff, as distinguished from the entire business of the defendant, means in this connection business procured or obtained by reason of the plaintiff's personal efforts and which resulted from services rendered by him as the efficient cause.

The plaintiff offered no evidence of the amount of business secured or procured by him, as distinguished from the entire business. If the circumstances were such as to enable the plaintiff to recover under proper proceedings, he cannot recover upon this declaration, which is upon a contract different from that shown by the evidence. It is manifest that there was a fatal variance between the allegations and the proof. As there was no evidence to support the material allegations of the declaration, the trial judge rightly allowed the motion for a directed verdict. *Humphrey* v. *Totman,* 204 Mass. 8. *Pope & Cottle Co.* v. *Wheelwright,* 240 Mass. 221. *Mabee* v. *Hersum,* 248 Mass. 188. The exception to the exclusion of evidence to show the entire business done at the store and the net profit thereof during the time or any part of the time the plaintiff was employed cannot rightly be sustained. The question as to the amount due the plaintiff at the end of his employment was inadmissible as it was based upon the theory that he was entitled to receive twenty-five per cent of the net profit of the entire business.

*Exceptions overruled.*