UNITED NEON SIGN CORP. *vs.* J. H. ZAHOS.

Middlesex.    February 7, 1934. — March 31, 1934.

Present: CROSBY, PIERCE, WAIT, FIELD, & DONAHUE, JJ.

*Practice, Civil,* Variance.    *Evidence,* Competency.    *Contract,* What constitutes.

The declaration in an action of contract in a district court contained allegations that the plaintiff and the defendant entered into an agreement in writing providing for the sale of a chattel by the plaintiff to the defendant and for the doing of certain other things by both parties, that the plaintiff had delivered the chattel and done all things required of him by the agreement and that the defendant had failed to make the stipulated payments, whereupon the plaintiff had resold the chattel at a loss. At the hearing, the plaintiff offered and there was admitted in evidence an agreement of such character signed by the defendant only. There was evidence to support the other allegations in the declaration. There was a finding for the plaintiff. *Held,* that

(1) There was a material variance between the agreement described in the declaration and the agreement admitted in evidence, because the agreement admitted in evidence was signed by the defendant only;

(2) The admission in evidence of the agreement signed by the defendant only was error prejudicial to him;

(3) The plaintiff was not entitled to recover.

CONTRACT. Writ in the District Court of Newton dated May 25, 1933.

The amended declaration is set forth in the opinion. The action was heard in the District Court by *Weston,* J. The instrument which the plaintiff offered in evidence was a contract of conditional sale of an electric neon sign, which was

signed by the defendant only and which provided, among other things, for the defendant's making certain displays by means of the sign and for the plaintiff's furnishing to the defendant courtesy passes to a theatre for a certain period.

There was evidence that a sign was delivered to the defendant, that he made one instalment payment and received two theatre passes, that thereafter he refused to make further payments or to receive display cards and theatre passes, and that subsequently the sign was taken back by the plaintiff at the defendant's request.

The judge found for the plaintiff in the sum of $36, and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed.

*F. V. Terry*, for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

PIERCE, J. This is an action of contract which was tried in the District Court. Damages were assessed for the plaintiff. It is before this court on appeal of the defendant from the order of the Appellate Division dismissing the report.

The plaintiff's amended declaration reads: "And the plaintiff says that on or about the eighteenth day of March, 1933, the plaintiff and defendant entered into a written agreement, a copy whereof is hereto annexed and marked 'A', by the terms of which the plaintiff agreed to sell and the defendant to purchase a certain electric neon sign for the sum of $52, payable in instalments of $1 weekly from date; that the plaintiff has done and performed all things required of it to be done and has delivered said sign, but the defendant, contrary to his agreement, has failed and refused and still fails and refuses to carry out his part of the agreement and has not paid the instalments due under said agreement. Wherefore the plaintiff secured a purchaser for the said sign and sold said sign to said purchaser in order to minimize the defendant's damages. Whereby the plaintiff sustained a loss in the sum of $36, all to its great damage."

The answer is a general denial, payment, an allegation that the sign delivered to the defendant was a "different and inferior sign" to the one the defendant agreed to purchase, and

that the written agreement was induced by fraud and misrepresentation.

At the trial in the District Court the plaintiff offered the agreement in evidence after proving the defendant's signature. The defendant objected to its admission in evidence on the ground that the declaration was upon a written agreement entered into by both the plaintiff and the defendant, whereas the evidence offered was an instrument signed by the defendant only. The trial judge admitted said instrument in evidence. The defendant objected, and requested that said ruling be reported. The trial judge found for the plaintiff, and assessed the damages in the sum of $36. He reported the case to the Appellate Division for determination.

The admission in evidence of the agreement unsigned by the plaintiff was manifest error. To recover on the amended declaration the plaintiff must prove a written agreement entered into by both plaintiff and defendant. *Whelton* v. *Tompson*, 121 Mass. 346. The evidence offered is a variance between the allegation and proof of the declaration. *Whelton* v. *Tompson*, 121 Mass. 346. The variance was material in that the obligation of the defendant to pay the price agreed upon for the sign was founded upon the consideration that that sign should be delivered and the plaintiff should do and perform the acts and things agreed to be done by it. The difference between the obligation proved and the obligation which arose on the execution of the written agreement is radical and went to the merits of the case. A finding for the defendant was required. *Mabee* v. *Hersum*, 248 Mass. 188. *Rosegartin* v. *Cohen*, 258 Mass. 534, 536.

       *The order that the report be dismissed is reversed.*