*Western District*

**EDWIN O. ROSS**

v.

**DAVID RADEBAUGH**

*Present:* Riley, P. J., Hobson & Alberti, JJ.

Case tried to *Noonan, J.,* in the District Court of Springfield. No. 145466.

*Riley, P. J.* This is an action of contract in two counts. In Count One, the plaintiff seeks to recover in the sum of $493.00 for labor and materials furnished to the defendant according to an account annexed. In Count Two, he alleges that on or about March, 1955 the defendant asked him to furnish electrical work such as outlets, water heater, fixtures and wiring, and that the plaintiff did furnish said electrical work and faithfully performed all his work, but the defendant failed to compensate the plaintiff and wherefore the defendant owes the plaintiff the fair and reasonable value for the services and labor so rendered. The defendant's answer is a general denial and that the plaintiff was a sub-contractor and that the only contract which the defendant made for any electrical work on the house which was being built for the defendant by the general contractor was made with the said general

contractor; and that the electrical work which the plaintiff alleges to have furnished was done under his contract with the general contractor.

*There was evidence tending to show* "that the S & R Construction Co. made a contract with the Defendant on December 27, 1954 to construct a house for the Defendant, that the Plaintiff was not a party to said contract. The S & R Construction Co. made a contract with the Plaintiff under which the Plaintiff was to install the wiring in the house in question and that the Plaintiff testified that by said contract the Plaintiff was to receive periodic payments from S & R Construction Co. according to the progress of the work. The Plaintiff testified he did not receive any payments from S & R Construction Co. and consulted his lawyer . . . The Defendant made several payments to said general contractor in accordance with the progress payment plan contained in the contract, that said payments included the wiring which the Plaintiff as a subcontractor was to have completed; that all of the rough wiring was completed; that the remaining wiring consisted of the facings on some outlets, hanging fixtures, installing of hot water heater and flood light wiring. The plaintiff testified that he did that work on December 1, 3, 5 and 10, 1955; that the fair charge for this labor was $81.00.

"The Plaintiff testified that because of financial difficulty with the general contractor, he called the Defendant on the telephone and told the Defendant he did not want to

finish the above work unless he was paid for his work; that he consulted his attorney who talked to the Defendant on the telephone and arranged for the Plaintiff and the Defendant to further discuss the matter between themselves. The Plaintiff testified that he talked with the Defendant on the telephone and that the Defendant told him that if he would complete the work he would be paid for the entire job. The Defendant testified that he told the Plaintiff that he had paid the general contractor for the complete wiring job, but if there was anything more due on the wiring he would protect the Plaintiff by putting his name on the check to the general contractor. The Plaintiff and the Defendant had never seen one another prior to the time of trial of this case. The Plaintiff claims that he sent a bill on January 26, 1956 to the Defendant for $593.00, his full bill for wiring, but did not produce such bill as evidence in the case. The Defendant denied ever receiving any bill from the Plaintiff. The Defendant introduced a bill in the sum of $593.00 which is an exhibit in the case, dated January 26, 1956 from the Plaintiff to the S & R Construction Co. (the general contractor.) This bill showed a payment of $100.00 by S & R Construction Co. to the Plaintiff on February 5, 1956, reducing the bill to $493.00. The Plaintiff admitted that he sent said bill to the general contractor and received the $100.00 payment."

At the close of the trial, the defendant made a motion for a "directed verdict", which

the Court regarded as a Request for Ruling, "That upon all the evidence the finding should be for the Defendant." The Court denied this request.

Neither the Report nor the Docket entries state in terms that the Trial Court found for the plaintiff in the sum of $493.00. However, in open court the parties agreed that in fact the Court so found and that the Docket entries should be changed to so indicate. The sum was the full amount claimed.

The Court made no special findings. Aside from the claim of variance made by the defendant hereinafter discussed, this raises the question of whether in the evidence reported, in its aspects most favorable to the plaintiff, the Judge was warranted in making the finding for the plaintiff in the full amount claimed. The evidence obviously would have warranted a finding for the plaintiff in the sum of $81.00 on Count Two of the Declaration, being the value of work done and materials furnished after the plaintiff and the defendant talked over the telephone, and the defendant is alleged to have agreed to pay.

The intriguing questions which this Appellate Court must decide are two. First, was there valid consideration moving from the plaintiff to the defendant for the latter's alleged promise to pay the full amount owed. Second, was there a fatal variance between Count One of the Declaration and the proof. The question of novation argued by the defendant will be touched on briefly at the outset.

It will be noted that the defendant did not plead the Statute of Frauds (G. L. c. 255, §1, Second) ; and if it had been pleaded and the Court had found that the oral agreement was one to pay the debt of another, the finding would have had to be for the plaintiff at most for $81.00 on Count Two, and for the defendant on Count One. From the general finding for the plaintiff in the full amount, we must conclude that the Court found as a fact that the defendant, in consideration of the plaintiff's agreement to complete the job, promised to pay in full for the work done and the materials furnished, both before and after the alleged promise; and also as a matter of law must have ruled that there was adequate consideration moving from the plaintiff to the defendant to make the promise enforceable.

The defendant argues in his Brief that there was no novation, and thereby implies that had there been such novation and no other matter to bar plaintiff's recovery, the defendant would be liable for the full amount claimed. Though this decision does not in fact turn on whether or not there was a novation, it is well to observe that the lower Court would have been warranted in finding that the plaintiff first contracted with S & R Construction Co. to do the electrical work on the defendant's house. That when he was not being paid and became apprehensive, he communicated with the defendant, and the latter agreed to pay him for all the work which he had done as well as the balance of the work to be done, if the plaintiff finished

the job. Further, that thereafter the plaintiff sent S & R Construction Co. a bill and received from it $100.00 in part payment. Such warrantable findings by no means are sufficient to prove novation.

"There is no novation until the creditor accepts the new debtor in full substitution for the former one and thus completely releases the old debt." *Harvard Electric & Machine Co., Inc., v. G & K Provision Co.,* 333 Mass. 678, 682, 683; *Pope & Cottle Co. v. Wheelwright,* 240 Mass. 221, 223. Nor did the plaintiff sue and allege on the theory of novation.

As to whether there was adequate consideration: See: *Allan v. Leonard,* 16 Gray 202, where a promise to complete work which the promisor has contracted with a third person to perform was good consideration; *Pope & Cottle Co. v. Wheelwright,* 240 Mass. 221, where a landowner promised to pay a contractor's indebtedness to plaintiff for lumber purchased for use in the construction of a garage for defendant, and held the plaintiffs release of the contractor was a sufficient consideration for defendant's promise; and at Page 225, the Court stated that "The unconditional promise of the defendants to pay the plaintiff's debt would be an original and not a collateral one and would not be within the statute of frauds." In *Munson & MacPhee v. Flanagan,* 233 Mass. 150, where though the value of labor of subcontractors, whom owner promised to pay in consideration of their agreement not to file

a lien, was but a small part of their claim, it did not affect their right to recover the whole amount in the absence of fraud. The plaintiffs could have filed a lien only for their labor done, and not for the materials furnished. Defendant agreed to pay for both if they refrained from filing a lien. And see *Rice v. Dwight Mfg. Co.,* 2 Cush. 80. It would seem, therefore, that had the plaintiff properly pleaded a special contract made by him with the defendant and set forth therein sufficient allegations substantially in conformance with the reported testimony, that the Trial Court would have been warranted in making a general finding for the plaintiff.

He not having pleaded the special contract, but rather on an account annexed, the question arises as to whether there was a variance between the allegation and the proof and, if so, whether such variance is fatal. Though the defendant did not file a Request for Ruling that there was a variance between the allegation (Count One) and the proof, he did file a request which was treated by the Trial Court as a Request for Ruling "That upon all the evidence the finding should be for the defendant.", without specifying the grounds for the requested ruling. In *Shaw v. Boston & Worcester RR.,* 8 Gray 45, the Court, at Page 72, made the following observations about variance:

> "In general, the objection of variance between the declaration and the proof is regarded as a mere technical objection, and not favored; and where the transaction, out of which the controversy arises, is the same, and the substantial

cause of damage is the same, the variance is overlooked. So far indeed is this carried, that in many cases, where a right or claim is defectively stated, the defect is considered as cured by a verdict, on the ground that the facts constituting the merits of the plaintiff's case must have been proved. And often, in such cases, when it is quite certain that an amendment, correcting the supposed defect in the declaration, would not change the course of inquiry, or affect the evidence, or the rules of law applicable to it, an amendment is allowed, without setting aside the verdict, that the judgment may stand regular on the record.

"But where the case stated in the declaration and in the first instance opened and relied on by the plaintiff's counsel, and the case subsequently relied on in proof, whether that proof comes from the plaintiff or the defendant, admit and require different kinds and degrees of proof, and the application of different rules of law, there the variance, so far from being formal and technical, is radical and essential; indeed the two may be in many respects repugnant and inconsistent, so that the affirmance of the one would negative the other. In that case, it is the duty of the presiding judge to sustain the objection of variance, as going to the merits of the case, and to decide that the evidence is inadmissible, if offered by the plaintiff, and, if offered by the defendant, inadequate in law to sustain the plaintiff's case."

In *Humphrey v. Totman,* 204 Mass. 8, 9, 10, the first request was, "Upon all the evidence the defendant is entitled to a verdict." The second request was, "That there was a variance between the allegations in the declaration and the proof at the trial and the plaintiff cannot recover on the first count in his declaration." Both requests were denied. It was held at Pages 9 and 10 that there was a material variance between the allegation in

the first count and the proof, and that ". . . the first request that upon all the evidence the plaintiff was not entitled to recover should have been given.", and that "The second request should also have been given." In *Pope & Cottle Co. v. Wheelwright,* 240 Mass. 221, 225, the Court held that there was material variance between the allegations and the proof. The defendant filed Request No. Two, "Upon all the evidence there is a variance between the allegation in the third count of the plaintiff's declaration and evidence produced by the plaintiff." The plaintiff alleged that the defendant would pay "from such funds as might be in his hands due the said Blakeley"; that is, that it was a conditional promise to pay. The proof was that the defendant promised to pay absolutely and unconditionally. In *Mabee v. Hersum,* 248 Mass. 188, the defendant, at the close of the evidence, filed a motion that a verdict be ordered in his favor. It was denied. At Page 190, the Court said, ". . . the variance between the allegations of the declaration and the proof reaches to the life of the action itself. The difference is radical, and required the presiding judge to sustain the motion for a directed verdict, for the reason that the variance went to the merits of the case, and the evidence was entirely inadequate to sustain the allegation of the declaration." It will be noted that the defendant did not specify the ground for his motion. In *Rosegartin v. Cohen,* 258 Mass. 534, 536, the Court held that "If the circumstances were such as to

enable the plaintiff to recover under proper proceedings, he cannot recover upon this declaration, which is upon a contract different from that shown by the evidence. It is manifest that there was a fatal variance between the allegations and the proof. As there was no evidence to support the material allegations of the declaration, the trial judge rightly allowed the motion for a directed verdict." No specification was given by the defendant as ground for the motion.

■ While Requests for Rulings based "upon all the evidence" or "on all the evidence and the pleadings", or similar language, without specifications, and that a stated finding is required, are not ordinarily given, *Dellamano v. Francis,* 308 Mass. 502, 503; and, in fact, where the evidence is contradictory and supports either side, it is prejudicial error if such a request is given, *Pearson v. O'Connell,* 291 Mass. 527; unless treated by the judge as a request for a finding of fact; *Harding v. The Broadway National Bank of Chelsea,* 294 Mass. 13; and it is also error if the conclusion reached is not required as a matter of law, but is merely warranted; *U. S. Fidelity & Guaranty Co. v. Sheehan,* 308 Mass. 321, 323, 324; *Casey v. Gallagher,* 326 Mass. 746, 748; unless there is evidence on which the parties are bound. *Casey v. Gallagher,* supra.

■ The defendant's request, general in its nature, applied to both counts. As to Count One, reported evidence in its light most favorable to the plaintiff proved a special

contract between the parties, and not any claim recoverable on an account annexed. As to Count Two, the Court did not err in denying the requested ruling, since it was plainly warranted in finding for the plaintiff in the sum of $81.00 on that count.

On the reported evidence as to Count Two, there obviously was a variance between the allegation and the proof. However, District Court Rule 27 (second paragraph) provides that "No review as of right shall lie to the refusal of a request for a ruling 'upon all the evidence' in a case admitting of specifications of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified." The question whether there was a variance between the allegations of a declaration and the proof, if not raised at the trial, is not open on a report of the case. *Butterworth v. Western Assurance Co.*, 132 Mass. 489; *Vouros v. Pierce*, 226 Mass. 175; *Gifford v. Eastman*, 251 Mass. 520; *Westlund v. Smith*, 291 Mass. 96; *MacDonald v. Adamian*, 294 Mass. 187, 190; *Griffin v. Rudnick*, 298 Mass. 82; *MacDonald & Payne Co. v. Metallic Arts of N.E.*, 324 Mass. 353, 358, and cc.; *P. A. Dolan Co. v. P. S. Thorsen Co. of Mass.*, 324 Mass. 376, 377, and cc., where the Court said

> "The declaration was based on account annexed but the trial proceeded, apparently without objection from the defendant, upon the theory that the action was brought to recover damages for breach of contract. It is too late to raise here for the first time the question whether the evi-

dence conformed to the declaration. *Mass. Bldg. Finish Co., Inc. v. Brenner,* 288 Mass. 481, 484. *MacDonald v. Adamian,* 294 Mass. 187, 190."

*Berwin v. Levenson,* 311 Mass. 239, 246, where it was stated ". . . We think it sufficient to call attention to the long established rule that a party who desires to rely upon a variance or similar defect must call the attention of the trial judge clearly and plainly to the defect relied upon, so that amendments can be made, or proof supplied, or proper rulings made at the trial.", and cases cited. See also: *Supreme Coat Co. v. Lyon Warehouse & Distributing Co.,* 332 Mass. 505; *Friedman v. Hucks Transfer Inc.,* 329 Mass. 362.

In *Gifford v. Eastman,* 251 Mass. 520, the declaration was in two counts. One of the requests for rulings was in terms, "Upon all the evidence the plaintiff is not entitled to recover on the count numbered one." At Page 524 it was stated:

"It has been held after a verdict as in the case at bar, that the verdict will not be upset even if the cause of action is not precisely set forth in the declaration. . . . and if he (defendant) relied on variance between the evidence and the allegations on that count, he should have raised the question by a request similar to the request under the first count. It cannot be raised for the first time at the argument before us."

Here, the plaintiff merely filed a request that "Upon all the evidence . . .", etc. with no specification of variance between the declaration and the proof. He did not file any separate request alleging a variance, nor in any way call the Trial Judge's attention to it.

The declaration in this case (Count One), as in *P. A. Dolan Co. v. P. S. Thorsen Co.*

*of Mass.,* supra, was on an account annexed and the parties apparently proceeded on the theory that the action was brought to recover damages for breach of a special contract. The Court's attention was not brought to a claimed variance. As in *Gifford v. Eastman,* supra, his request was one based "upon all the evidence . . .". In view of these facts, as well as his failure to comply with Rule 27, he cannot at this stage complain.

*We find no prejudicial error. The report will be dismissed.*