PATRICK J. MCNULTY *vs.* FRANK E. CRUFF.

Suffolk. January 8, 1912. — May 20, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Novation. Contract. Statute of Frauds.*

At the trial of an action by a subcontractor against the owner of a building to recover for work done by the plaintiff under a contract originally made by the plaintiff with a general contractor, there was evidence tending to show that, because of a failure by the general contractor to pay the plaintiff in accordance with his agreement with him, the plaintiff ceased work, that after the work had ceased for some days, there was a conversation between the defendant and the plaintiff in the presence of the general contractor in which the defendant

showed to the plaintiff some work not described in the contract which he wanted done, saying "I don't want to pay you one cent for it, but I want you to finish up the balance of your contract and I will pay you your money at any time, either before or after the work is done." Thereafter the plaintiff did the extra work described and completed the contract. *Held,* that there was evidence that for a good consideration the defendant had agreed to assume the obligation of the general contractor to the plaintiff and that the plaintiff had accepted the substitution of the defendant for the general contractor as his debtor; and that the defendant's promise was not within the statute of frauds.

CONTRACT for $325.35 and interest, $250 of which was alleged to be a balance due to the plaintiff on a contract for the performance for a general contractor named Hazard of the excavating and masonry work on houses on Dunreath Street in that part of Boston called Roxbury belonging to the defendant, it being further alleged that the defendant, at a time when the work was not completed by the plaintiff, had agreed, in consideration of the plaintiff's performing other work for him without charge, to pay for the balance of the work to be done under the contract with Hazard. The remaining $75.35 claimed in the declaration was for items admitted by the defendant to be due to the plaintiff. Writ in the Municipal Court of the West Roxbury District of the City of Boston dated February 9, 1910.

The answer, as to the claim for $250, set up the statute of frauds.

On appeal to the Superior Court the case was tried before *Quinn,* J. The plaintiff testified that, because of a failure by Hazard to make a payment of $200, he took his men off the job and they remained away for from eight to ten days; that then the defendant called him upon the telephone on August 10, 1909, "and said 'Mac, what is the trouble down there? Why don't you go down there and finish your work?' I said, 'I will do no more work until I get what is due me and this thing is straightened out.' He said, 'Put your men down there in the morning. . . . I can't finish my work until this work is finished. I will be there and we will straighten this matter right there.' I said, 'Well, if that is so, I will be there with my men in the morning, and I want you to be sure.' He said 'I will.' I went down with four men in the morning and stood on the sidewalk. Mr. Cruff came along in a few minutes. 'Now Mac,' said Mr. Cruff, 'I want that bit of a buttress built there, 'side of the stairs, and I don't want to pay you one cent for it, but I want you to finish up

the balance of your contract and I will pay you your money at any time, either before or after the work is done.' Mr. Cruff and Mr. Hazard were there all this time."

On August 14, the plaintiff received from Hazard a check of the defendant for $200 and gave to Hazard a receipt reading "Received of P. Hazard" $200 "account mason work Dunreath St." The plaintiff testified that Hazard had acted "as an errand boy" for him in getting the check from the defendant, and that he was looking to the defendant and not to Hazard for payment at that time.

The plaintiff built the buttress referred to above and completed the contract.

There was other evidence, some of it tending to corroborate and some to contradict the testimony of the plaintiff.

At the close of the evidence the judge ruled that the agreement of August 10 was within the statute of frauds and ordered a verdict for the plaintiff only for the admitted items of extras and interest, $82.67; and the plaintiff alleged exceptions.

*F. G. Bauer,* for the plaintiff.

*P. G. Bolster,* for the defendant.

HAMMOND, J. If, as the result of the conversation which took place on August 10 between the plaintiff and the defendant in the presence of Hazard, there was an understanding between the three that the defendant, in consideration of work to be done by the plaintiff, should pay the plaintiff what Hazard had agreed to pay him and the plaintiff accepted the defendant as his debtor in the place of Hazard, then the promise was not within the statute of frauds and the plaintiff, having done the work promised, may hold the defendant. *Trudeau* v. *Poutre,* 165 Mass. 81. *Paul* v. *Wilbur,* 189 Mass. 48, and cases cited.

The defendant, conceding this, strenuously insists that there is no evidence of such an understanding. On this the case is close. Considering however the conversation itself, the circumstances under which it was held and the evidence as to the subsequent conduct of the parties, we are constrained to say that, brief and meagre as is the evidence, the plaintiff had a right to go to the jury on the question whether such an understanding was reached.

*Exceptions sustained.*