EBEN L. KIRTLEY *vs.* C. G. GALBO COMPANY, INC.

Suffolk.    December 8, 1922. — March 1, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Novation. Contract,* Implied.

The mutual consent of all the parties to a novation may be established by circumstances showing such assent as well as by expressed words.

One stockbroker purchased the office equipment and business of another, taking over the accounts of some of his customers. Upon receiving notice from the purchasing stockbroker, one of such customers called upon him, learned that his

cash margin was ample and at the stockbroker's urging continued the account there, buying and selling securities through him, receiving daily confirmations of transactions and monthly statements of accounts. No further margin was requested of him. At a time when the stockbroker concluded that the customer's balance so warranted, he paid the customer $500. Later, by order of the customer, all his securities were sold, but the broker refused to pay to the customer a balance shown by the account. In an action to recover that balance, the foregoing facts appeared, and the plaintiff testified on cross-examination that he never actually released his former broker. The trial judge found that a contract impliedly had been made between the two brokers and the plaintiff whereby the former broker was discharged from his obligation to the plaintiff and the purchasing broker was substituted in his stead, and found for the plaintiff. *Held*, that

(1) The finding of a novation was warranted;

(2) The plaintiff's statement on cross-examination, that he had not actually released his former broker, was not conclusive.

CONTRACT for $308.72, with a declaration in two counts, the first for money had and received by the defendant to the use of the plaintiff, and the second for a balance alleged to be due from stockbrokerage transactions. Writ in the Municipal Court of the City of Boston dated May 16, 1921.

At the trial in the Municipal Court, besides the evidence described in the opinion, it appeared that William R. Fitzgerald and Charles G. Galbo made an agreement in writing and under seal, dated March 31, 1921, which, exclusive of the *in testimonium* clause, signature and seals, was as follows:

"For and in consideration of the sum of three thousand dollars to me paid by Charles G. Galbo, of Newton, in the County of Middlesex and Commonwealth of Massachusetts, I, William R. Fitzgerald, of Boston, in the County of Suffolk, and Commonwealth of Massachusetts, do hereby give, grant, bargain, sell and convey unto the said Charles G. Galbo all the fixtures, safes and furniture owned by me and situated on the first floor of the building formerly occupied by me at No. 83 and No. 85 State Street in said Boston.

"And I hereby covenant that the same are free from all encumbrances, and that I have good right to sell the same.

"And the said Fitzgerald also transfers to the said Galbo certain accounts, a schedule of which accounts is hereto annexed and marked 'A.' All payments that have been made up to the date hereof on said accounts are to belong to and remain the property of said Fitzgerald, but all future payments on said accounts

from the date hereof are to belong to and be the property of the said Charles G. Galbo. And the said Galbo agrees to carry out the terms, delivery and conditions of the contracts as contained in schedule 'A' with the several purchasers, and agrees to hold and save harmless and indemnify the said William R. Fitzgerald for and on account of any and all liability for the delivery of any of the stock called for under said schedule marked 'A,' and to carry out with the respective customers all the terms and conditions contained in said contracts and included in the schedule marked 'A.' "

Other material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover."

"10. In order to hold the defendant liable, it is necessary for the plaintiff to prove that there was an agreement between himself and his original debtor, William R. Fitzgerald & Co. and the defendant company, and when the plaintiff cannot prove such an agreement he cannot recover in this action.

"11. In order to recover in this action it is incumbent upon the plaintiff to show that he released William R. Fitzgerald & Company from his obligation under the contract between the plaintiff and Fitzgerald, and since the plaintiff admits he has not released Fitzgerald & Co., he cannot recover in an action of this kind.

"12. In the absence of an agreement between the plaintiff and the defendant, whereby the defendant would perform the contract to William R. Fitzgerald & Co., the plaintiff cannot recover."

The foregoing requests for rulings were denied. The trial judge found in substance that, while there was no express contract between the plaintiff, the defendant and Fitzgerald, that the defendant should be substituted for Fitzgerald in respect to his obligation to the plaintiff and that Fitzgerald should be released therefrom, there was an implied contract to that effect, and found for the plaintiff in the sum of $308.72. At the request of the defendant the action was reported to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*J. F. O'Connell,* for the defendant.

*J. B. Studley,* for the plaintiff.

DE COURCY, J. The following material facts were expressly found by the trial judge or are necessarily implied in his general finding for the plaintiff. Prior to April 1, 1921, Kirtley bought and sold securities through the brokerage firm of William R. Fitzgerald and Company. On that date C. G. Galbo and Company (a partnership, but incorporated later in the month), purchased the office equipment and business of William R. Fitzgerald and Company, taking over the accounts of some of their customers, including that of Kirtley. Notice thereof was sent to the plaintiff; he called at the defendant's office, learned that his cash margin was ample, and was urged by Galbo to continue his account with the defendant. He did so, and bought and sold securities through the defendant as broker; receiving daily confirmations of these transactions, and monthly statements of account. C. G. Galbo and Company requested no margin from the plaintiff, presumably because that taken over from Fitzgerald and Company was ample. The statement dated May 11, 1921, showed a balance due from the plaintiff of $1,044.58, and a list of securities which the defendant held for him. Some of these apparently were stocks which had been held for him by Fitzgerald and Company, and the others were securities bought by the defendant on the plaintiff's orders. After receiving this statement Galbo was informed by the concern's margin clerk that the account warranted the withdrawal of $500; and he signed a check to the plaintiff's order for that amount. Later by direction of the plaintiff the defendant sold all the securities it was carrying for him, but refused to pay him the balance, $308.72. The court found for him in that amount.

The only question argued by the defendant is whether the facts warranted a finding of novation; in other words, that the defendant had become liable to the plaintiff for the obligations of Fitzgerald and Company to him, so far as such obligations had not been modified by dealings between the plaintiff and the defendant. There was ample evidence that the defendant had assumed the obligations of Fitzgerald and Company, to the plaintiff, and that Kirtley had assented to the substitution of the defendant as his obligor. And, notwithstanding the statement of the plaintiff on cross-examination that he never actually released Fitzgerald, the judge was warranted in inferring from the conduct of the

parties, as he did, that the plaintiff impliedly released Fitzgerald and Company from all liability. The mutual consent of all the parties to the substitution and novation "may be established by circumstances showing such assent as well as by expressed words." Williston on Contracts, § 1875. *Griffin* v. *Cunningham,* 183 Mass. 505, 508. *Stowell* v. *Gram,* 184 Mass. 562. *New England Cabinet Works* v. *Morris,* 226 Mass. 246, 252.

The exceptions that deal with the judge's rulings and with questions of evidence have not been argued by the defendant. As to these it is enough to say that no error is shown.

*Order dismissing report affirmed.*