MATILDA HILL *vs.* MAX GRAT.

Worcester.   October 8, 1923. — November 28, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & JENNEY, JJ.

*Contract*, Construction.  *Bankruptcy*.  *Frauds, Statute of.*

If a debtor who has been adjudicated a bankrupt promises one to whom he
   and another owe a debt upon a promissory note that he will pay to such
   creditor the balance due on the note if the creditor will release the co-debtor,
   will prove his claim in the bankruptcy proceedings and will credit thereon
   any dividends he receives from the estate in bankruptcy, and such creditor
   releases the co-debtor, delivers the note to the bankrupt, proves his claim
   in the bankruptcy proceedings and receives a dividend from the bankrupt's
   estate, such agreement is an independent, original agreement and is not a
   promise to answer for the debt or default of another nor within the pro-
   visions of G. L. c. 259, § 1, cl. 2; and an action thereon is not barred either
   by a discharge of the defendant in the bankruptcy proceedings or by the
   statute of frauds.

CONTRACT for $400, the plaintiff alleging that, after he
had been adjudicated a bankrupt, the defendant promised
to pay her that sum, which was the amount of a claim which
she had against him and one Rubenstein, provided that she
would prove her account in bankruptcy against the de-
fendant's estate and would release Rubenstein and credit

on the claim any dividend she received from the defendant's estate in bankruptcy. Writ in the Central District Court of Worcester dated May 25, 1919.

In the Superior Court the action was tried before *O'Connell*, J. Material evidence is described in the opinion. At the close of the evidence, by order of the judge, a verdict was returned for the defendant. The judge then reported the action for determination by this court, judgment to be entered for the plaintiff for $300 and interest if the ruling was wrong, otherwise judgment to be entered on the verdict.

The case was submitted on briefs.

*C. E. Tupper*, for the plaintiff.

*C. F. Boyle & L. E. Feingold*, for the defendant.

BRALEY, J. The jury upon the uncontroverted evidence of the plaintiff would have been warranted in finding that in 1913 she lent to the defendant and one Rubenstein $400 which both promised to repay with interest and that Rubenstein also gave his promissory note for the amount. The defendant having been adjudicated a bankrupt he promised the plaintiff at the first meeting of creditors, that if she would release Rubenstein from his obligation to pay " the $400 which she had loaned them and prove her claim . . . in the bankruptcy proceedings . . . and credit whatever dividend she received . . . he, the defendant, would pay her the balance." The plaintiff pursuant to the promise released Rubenstein, proved her claim, received the dividend of $100, and delivered the note to the defendant. The defendant, however, who duly obtained his discharge, repudiated the agreement, and this action is brought to recover the difference between the amount of the note and the dividend. The discharge is pleaded as well as G. L. c. 259, § 1, cl. 2, that no action shall be brought " to charge a person upon a special promise to answer for the debt . . . of another . . . unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized."

If in any aspect the defendant's promise could be held to include his original obligation for money lent, the promise

was not in writing signed by him, and his discharge is a complete bar. *Nathan* v. *Leland*, 193 Mass. 576, 581. *Wenz* v. *Wenz*, 222 Mass. 314. It is settled as the defendant contends, that under a collateral promise the agreement is not taken out of the statute unless the controlling purpose and effect of the whole transaction enabled the promisor to gain by his promise some benefit from the plaintiff, the promisee. *Curtis* v. *Brown*, 5 Cush. 488. *Ames* v. *Foster*, 106 Mass. 400. But in reliance upon the promise the debt of Rubenstein had been relinquished and cancelled by the plaintiff, and he no longer could be held as principal. The defendant at his own request had been substituted for Rubenstein and the promise therefore was an independent, original agreement to pay his own debt contracted after the bankruptcy proceedings were begun. The agreement not being repugnant to the statute, nor barred by the discharge can be enforced in the present action. *Chapin* v. *Lapham*, 20 Pick. 467. *Walker* v. *Penniman*, 8 Gray, 233; *Wood* v. *Corcoran*, 1 Allen, 405. *Langdon* v. *Hughes*, 107 Mass. 272, 274. *Trudeau* v. *Poutre*, 165 Mass. 81, 86. *Pope & Cottle Co.* v. *Wheelwright*, 240 Mass. 221. U. S. St. 1898, c. 541, §§ 1, 14, 17.

By the terms of the report judgment is to be entered for the plaintiff " for $300 and interest from the date of the writ."

*So ordered.*