CATHERINE L. SULLIVAN *vs.* EDWARD A. McETTRICK.

Norfolk. March 6, 1924. — April 9, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & CARROLL, JJ.

*Bills and Notes,* Consideration. *Contract,* What constitutes.

At the trial of an action upon a promissory note, the defendant contended that the note was without consideration, and that it was the debt of a corporation, practically all of the stock of which was owned by him. There was evidence tending to show that the defendant personally had hired the plaintiff as superintendent of a hospital; that she understood that he managed and ran the hospital; that he was the only person from whom she ever received instructions and from whom she inquired whenever she wanted information or instruction; that she never had known of any board of managers or any one else having anything to do with the hospital; that when she left the employment the sum of $411

was due her and she settled with the defendant, who paid her $11 in cash and gave her the note in suit; that when he gave her the note, he said that, if she wanted to have him, he would raise the money but that it would be a hardship to do so. A verdict was ordered for the defendant. *Held,* that there was a question of fact for the jury as to whether or not the defendant personally had hired the plaintiff, and it was error to order the verdict for the defendant.

CONTRACT upon a promissory note. Writ dated April 14, 1921.

In the Superior Court, the action was tried before *Irwin,* J. Material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant and reported the case for determination by this court, the parties agreeing that, if the trial judge erred in ordering a verdict for the defendant, this court might order a judgment for the plaintiff in the sum of $498.40 with interest.

*C. M. Davenport,* for the plaintiff.

*E. A. McEttrick, pro se.*

CARROLL, J. This action is to recover on a promissory note, signed by the defendant, payable to the plaintiff or order, for the sum of $400. The answer alleged that the note was without consideration; that it was for the debt of a corporation; and that it was " repudiated by the defendant by written notice to the plaintiff."

There was evidence that the plaintiff became the superintendent of the Summit Hospital on September 1, 1917; that the defendant " personally had hired her " (the plaintiff); that she understood Mr. McEttrick " managed and run the hospital; that he was the only person from whom she had ever received any instructions and of whom she inquired when she wanted information or direction; that she had never known of any board of managers or any one else having anything to do with the hospital and that no one else had ever visited it; " that when she left the employment the sum of $411 was due her for wages; " that when she settled up with Mr. McEttrick he paid her $11 in cash and gave her the $400 promissory note " in suit; " that before he gave her this note he said that if she wanted to

have him he would raise the money but that it would be a hardship to do so." The defendant testified that the plaintiff said " the hospital owed her $400 for her services and she wished something to show that she was owed that amount of money;" that thereupon he gave her the note; that on looking into the matter he found that the hospital was not indebted to her to the extent she claimed.

At the close of the evidence the judge directed a verdict for the defendant, with the stipulation that if this was error judgment should be entered for the plaintiff. The case is before us on a report.

There was evidence that the note was the personal obligation of the defendant. It was a question of fact for the jury to decide whether the defendant " personally had hired " the plaintiff, as she testified; if he did, he was responsible to her for the service rendered. From the fact that the defendant owned " practically all the stock " of the corporation; that he managed the hospital, and the plaintiff as superintendent never knew of a board of managers or of any one except the defendant being in control and direction of its affairs; together with the evidence that the plaintiff took " the position of superintendent of the hospital for Mr. McEttrick " and " continued employment for Mr. McEttrick at his hospital " and he " personally had hired " her, a jury could find that the plaintiff's services were performed for the defendant and that he was directly responsible to her. The note itself was *prima facie* evidence that it was issued for a valuable consideration. G. L. c. 107, §§ 47, 48. *Perley* v. *Perley,* 144 Mass. 104. The question of consideration of the note was not a question of law. It was one of fact for the jury. *Mercantile Guaranty Co.* v. *Hilton,* 191 Mass. 141. *Indiana Flooring Co.* v. *Rudnick,* 236 Mass. 90. As there was evidence of consideration between the parties, a verdict for the defendant could not be ordered. *Wright* v. *Morse,* 9 Gray, 337. *Whitney* v. *Clary,* 145 Mass. 156. See *Robertson* v. *Rowell,* 158 Mass. 94.

The case should have been submitted to the jury. It is unnecessary to consider the question of a novation, even if it should be found that the corporation was originally

liable for her services.    See *Kirtley* v. *C. G. Galbo Co. Inc.* 244 Mass. 179; *Hill* v. *Grat,* 247 Mass. 25.

There is nothing in the cases relied on by the defendant in conflict with what is here decided.    The want of consideration was for the jury; the judge could not decide that question.    There was error in ordering a verdict for the defendant.    It was agreed that if this direction was error, judgment for the plaintiff should be entered in the sum of $498.40 with interest.    Judgment therefore is to be entered for this sum.

*So ordered.*