SOLOMON SLOTNICK *vs.* ELIOT E. SMITH & others.

Suffolk.    March 11, 1925. — May 20, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* What constitutes.    *Frauds, Statute of.    Novation.*

A subcontractor under a general contractor in the construction of a building received from the general contractor two notes of $1,000 each in part payment of a balance due him.  The general contractor then made an assignment for the benefit of his creditors and the subcontractor, learning that the general contractor would not be able to pay one of the notes at maturity, ceased work before he had completed his contract.  The owner of the building then orally promised him that if he would finish the work he, the owner, would pay him the balance due on his contract, and he then performed the remainder of the work under his contract. At the trial of an action by the subcontractor against the owner, the owner testified that he found that, to finish the work left undone by the general contractor, it was best to have the subcontractors all continue, as it would tend to get the building completed more quickly, which would be a great benefit to him financially.  The plaintiff did not assent to the assignment by the general contractor for the benefit of his creditors and testified that whatever rights he had against him he gave up and looked to the defendant for his money.  He retained the note which the general contractor had not paid and explained that from the date of the assignment until that time he never had any opportunity to return it, and never saw the general contractor after the note was returned by a bank to which he had given it for collection. *Held,* that

(1) To entitle the plaintiff to recover, it was necessary for him to prove that he accepted the defendant as his debtor in place of the general contractor; since, if the plaintiff never released the general contractor, the defendant's promise was to pay a debt of another and, not being in writing, it was within the statute of frauds;

(2) On all the evidence and inferences to be drawn therefrom, it was a question for the jury whether the plaintiff had released the general contractor and had accepted the defendant as his debtor in place thereof, relying solely on the defendant for the payment of the amount due him.

CONTRACT, with a declaration as amended in two counts, for $2,122.33, alleged to be the value of materials furnished and labor performed in the completing of a building contract originally made between the plaintiff as subcontractor and Robert A. Doyle & Company, Inc., as general contractor. Writ dated November 17, 1920.

In the Superior Court, the action was tried before *Flynn*, J. Material evidence is described in the opinion. At the close of the evidence, the defendants moved for a verdict in their favor. The motion was denied. The defendants then asked for the following rulings:

"If the plaintiff received from Doyle the notes for materials delivered as ordered, the debt is paid thereby, and the notes represent Doyle's obligation to the plaintiff, and if the defendants, or either of them, orally promised to pay the plaintiff the amount thereof in consideration that the plaintiff would complete the stones for which he had been paid by the notes, such promise is within the statute of frauds and unenforceable.

"If the plaintiff received from Doyle the notes for materials delivered as ordered, the debt is paid thereby, and the notes represent Doyle's obligation to the plaintiff, and if the defendants, Smith and MacLean, or either of them, orally promised to pay the plaintiff the amount thereof, such promise is within the statute of frauds and unenforceable."

The rulings were refused. There was a verdict for the plaintiff in the sum of $2,619.30. The defendants alleged exceptions.

*G. K. Richardson*, for the defendants.

*W. B. Keenan*, (*S. L. Solomont* with him,) for the plaintiff.

Crosby, J. This is an action of contract to recover $2,122.33 with interest thereon, being the balance due the plaintiff for materials furnished and labor performed under a written contract between him and Robert A. Doyle & Company, Inc. The materials furnished and labor performed were in the construction of an apartment house by the Doyle company (the general contractor) under a contract with the defendants, who were the owners of the building.

On August 14, 1920, when the company made an assignment for the benefit of its creditors, the plaintiff held two of its notes for $1,000 each, which included a part of the balance due the plaintiff under its contract. At the time of the assignment the plaintiff had not finished the work required to be done by him. After he received notice that Robert A. Doyle & Company, Inc., could not pay at maturity one of the notes

given by it, he ceased working on the house.  He testified that later the defendant Smith told him in substance that, if he would finish the job, he, Smith, would pay him the balance then due him.  He further testified that, relying upon the promise so made, he performed the remainder of the work required of him under his contract with Robert A. Doyle & Company, Inc.  The defendants denied that they made any promise to the plaintiff and pleaded a general denial and the statute of frauds.

The question is, whether the trial judge erred in refusing to rule, as the defendants requested, that the alleged promise was within the statute of frauds and for that reason the plaintiff could not recover.

The defendant Smith testified that after the Doyle company failed, he and his partner, MacLean, finished the job; that he found out who all the subcontractors were because he wanted the same contractors to go ahead and finish the work; that it was much easier and less work for him to have them continue as it would tend to get the building completed more quickly which would be a great benefit to him financially.  This evidence warranted a finding that there was a valuable consideration for his promise to pay the plaintiff if such a promise were made.  To entitle the plaintiff to recover, however, it was also necessary for him to prove that he accepted the defendants as his debtors in place of Robert A. Doyle & Company, Inc.  If the plaintiff never released the company, then the defendants' promise was to pay the debt of another, and, not being in writing, it was within the statute of frauds.

There was evidence that the plaintiff did not assent to the assignment made by the Doyle company.  He testified that he never made any claim on the company after the assignment; that whatever rights he had against it he gave up entirely and looked to Smith for his money; that the reason he retained the $1,000 note of Robert A. Doyle & Company, Inc., at the time of the trial, was because from the date of the assignment until that time he never had any opportunity to return it, and never saw Doyle after the note was returned by a bank to which it had been given for collection.  He

further testified that when the defendant Smith promised to pay him if he would finish the job, he (Smith) said, "You go and finish the job, I have plenty of money left over, you finish the job and you will get your pay from me."

Although the evidence upon the issue whether the plaintiff accepted the defendants as his debtors in place of Robert A. Doyle & Company, Inc., and released the company is close, yet in consideration of all the evidence and the reasonable inferences to be drawn therefrom, it was a question for the jury whether the plaintiff gave up and released the company and relied on the defendants solely for the payment of the amount due him. *Griffin* v. *Cunningham*, 183 Mass. 505. *Paul* v. *Wilbur*, 189 Mass. 48. *McNulty* v. *Cruff*, 211 Mass. 489. *Pope & Cottle Co.* v. *Wheelwright*, 240 Mass. 221. *Kirtley* v. *C. G. Galbo Co. Inc.* 244 Mass. 179. *Hill* v. *Grat*, 247 Mass. 25, 27. *Sullivan* v. *McEttrick*, 248 Mass. 496. *Hammond Coal Co. Inc.* v. *Lewis*, 248 Mass. 499.

*Exceptions overruled.*