Robbins, J.
This is an action of contract containing two counts: Count #1 based on a promissory not© of $151.51; and Count #2 a common count for money owed to the plaintiff, both being for the same cause of action. The trial court found for the plaintiff in the sum of $151.50 on Count #1.
The answer is general denial, failure of consideration and. misrepresentation.
The report purports to contain all the evidence material to the case and sets it forth as follows:
“At the trial, there was evidence that the plaintiff sold and delivered a motor vehicle to one Modzelewski in November, 1938, the latter keeping and using the same in his place of business until June, 1939, and deriving a profit from its said use; that t'he plaintiff sold said motor vehicle to Modzelewski for Two Hundred Dollars ($200.00), Fifty Dollars ($50.00) down payment, with balance due of One hundred fifty Dollars ($150.00), which was still owed by the latter to the plaintiff on June 5, 1939.
*414 “On that date, Modzelewski" sold his said motor vehicle to the defendant for Two Hundred Dollars ($200.00), representing the same to 'be in first-class usable condition, and that if it was not so, it might be returned to him and he would put it in such condition; Modzelewski accepted the defendant’s 1930 Buick in trade, allowing a credit to the defendant of Fifty Dollars ($50.00), and the defendant executed the note in suit for the balance due to Modzelewski of One Hundred Fifty Dollars ($150.00). The defendant returned said motor vehicle to Modzelewski on or about July 4th, 1939, as being not in accordance with Modzelewski’s representations and agreement to put the same in first-class usable condition. Modzelewski has retained custody of said motor vehicle at his garage ever since. There was evidence that the plaintiff gave no consideration for said note, and that the plaintiff never undertook any obligation toward the defendant at any time.
“The plaintiff testified that he discharged Modzelewski of his debt to him only tentatively; that he never communicated directly with the defendant. There was evidence that the plaintiff did not notify the defendant directly or indirectly, that he had extinguished his claim against Modzelewski, and that Modzelewski never told this to the defendant, and these two the only witnesses in behalf of the plaintiff.”'
At the conclusion of the presentation of evidence, the defendant made seven requests for rulings, which, together with the respective action of the trial court thereon, are as follows:
1. There is no privity between the plaintiff and defendant. Denied.
2. As matter of law, the plaintiff cannot recover upon ■Cbunt (1). Denied.
3. The plaintiff gave to the defendant no consideration for said note; and the defendant derived no-benefit or advantage from the plaintiff'. Allowed, but I find a novation of debtors.
4. The plaintiff made with Modzelewski a tentative arrangement, only with reference to the latter’s; *415 debt to the plaintiff. On his own evidence, the plaintiff did not discharge finally, fully and completely the Modzelewski debt, to him. Denied. By inference I find that the plaintiff released Modzelewski’s debt to him and agreed as a substitute therefor the note signed by the defendant. See Kirtly v. Galbo Co., 244 Mass. 179 at 182 and 183.
5. This defendant made no agreement with the plaintiff, whereby he consented or became a party to the termination of the Modzelewski debt to the plaintiff * * * in its nature such a contract could be made only between the creditor and his debtor. Hence, such arrangement, even if completely executed between the plaintiff and Modzelewski is res inter alios this defendant. Denied.
6. The plaintiff having furnished no gain, profit or advantage to this defendant, the defendant owes him nothing under any form of liability or action, and the plaintiff is not entitled to recover upon either count of his declaration. Denied.
7. Statute of Frauds is a defense to Count (2). Denied.
While most of these requests are for findings rather than for rulings, the sixth request raises the question whether there can be recovery if no consideration were given for the note, and the trial judge’s handling of the third request shows that he found there was no consideration for the note unless it was on the theory of novation.
In the case of Larson vs. Jeffrey-Nichols Motor Co., 279 Mass, at 366, the court states that the four essential requisites of a novation are: “ (1) an existing valid original obligation ; (2) agreement of all parties to the new contract; (3) extinguishment of the old contract; (4) a valid new contract.” In the case before us it would be necessary in order to constitute a novation, to find that the debt from Modzelewski to the plaintiff was cancelled. The plaintiff, against his own interest, testified that he discharged Mod *416 zelewski only tentatively,' and both the plaintiff and Modzelewski testified that they never told the defendant that the plaintiff had extinguished his claim against Modzelewski. This was all the evidence there was on the point, and while the trial judge could have disbelieved it he was not justified in finding to the contrary. The refusal to give the sixth request as far as it applied to the first count, on which count recovery was allowed, constitutes prejudicial error.
"What has been said is sufficient to decide this case but we would call attention to the fact that many findings of the trial judge are unsupported by the evidence reported, and also to the fact that the report contains some anomalous pleadings filed by both parties subsequent to the trial judge’s decision, to the denial of which no claim for a report was made, and which are improperly included in the report.