JOSEPHINE DUNN CODMAN *vs.* CHARLES H. BEANE.

Middlesex.    November 4, 1942. — December 29, 1942.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Practice, Civil,* Findings by judge; Appellate Division: appeal; Requests, rulings and instructions. *Contract,* Novation. *Sale,* What constitutes, Of securities.

The credibility of a witness at a trial in a District Court was for the judge and was not open in this court upon appeal from an order by the Appellate Division.

A judge of a District Court is not required to grant requests for findings of fact even though such findings would be supported by the evidence.

The circumstances in which the holder of a stock certificate indorsed in blank contracted to sell the shares to the defendant and received a payment on account from him but delivered the certificate to the holder's wife as security, and she later delivered the certificate to the defendant, who thereupon used it for his own purposes and made a further payment on account to her, warranted either a conclusion that there was a novation by which she was substituted as seller by agreement with the defendant assented to by her husband, or a conclusion that she made a "straight sale" to the defendant upon delivering the stock certificate to him; and in either case she was entitled to recover the unpaid balance of the purchase price.

CONTRACT. Writ in the First District Court of Eastern Middlesex dated February 11, 1938.

The case was heard by *Brooks*, J.

*A. L. Stinson*, (*E. H. L. Carr* with him,) for the defendant.

*H. Loewenberg*, for the plaintiff.

RONAN, J. This is an action of contract in which the plaintiff seeks, in the first count of her declaration, to recover the balance due on a written contract to pay the plaintiff $10,000, and, in the second count, the balance due on the purchase price of shares of stock sold to the defendant. The trial judge found for the plaintiff on each count. The defendant appealed from an order of the Appellate Division dismissing the report.

The judge found that the defendant, with others, became interested, in 1933, in a corporation which had acquired the right to use a name that has become well known in the liquor trade, and that he and one Green were endeavoring to induce a New York concern to finance the corporation to the extent of $100,000. The defendant and one Cripps, the treasurer of the corporation, secured a loan of $2,000 from the plaintiff on November 27, 1933. They gave her a contract of repayment, which both executed under seal and acknowledged before a notary public, and which recited that for $2,000 and "special services rendered" they guaranteed to pay the plaintiff $10,000 on February 1, 1934. These special services, according to the plaintiff, were in connection with the New York financing, and also for having previously made a loan of $2,000 to Cripps. This last loan was subsequently paid. The judge found that three payments were made on account. He refused to find, as testified by the defendant, that the plaintiff waived any further payments after the first two. He found that the agreement of November 27, 1933, was executed by the defendant and Cripps for valid consideration, and that the plaintiff was entitled to recover on the first count $4,800, with interest.

In reference to the second count, the judge found that stock in the corporation above mentioned was sold to various

persons including the plaintiff's husband, herein referred to as Codman, who, in March, 1934, held a certificate for one thousand shares. The defendant in July, 1934, made a written agreement with Codman to repurchase his stock for $7,324.11 and to pay therefor on October 15, 1934. The defendant in 1934 paid Codman $200 on account of the repurchase price but Codman retained the certificate, permitting the defendant to have it whenever he said he had a possible purchaser, and on each occasion the defendant, not being able to sell it, returned the certificate to Codman. This certificate had been issued in the name of Cripps and was indorsed in blank by him. Codman in August, 1936, delivered this certificate to his wife, the plaintiff, to secure her for advances made to him, and orally assigned to her his claim for the balance due from the defendant on the agreement for repurchase of the stock, amounting to $7,124.11. She delivered the certificate to the defendant in October, 1936, when he stated that he had a purchaser. The defendant, without the plaintiff's knowledge, pledged the stock with one Endlar for $400, and gave her $350 ostensibly as part payment on the stock. Thereafter the stock was pledged for additional sums amounting to upwards of $3,000, borrowed by the defendant from Endlar. The defendant redeemed the stock in 1939 and thereafter retained the certificate. The corporation in the meantime was petitioned into bankruptcy. The judge found that Codman transferred title to the stock to his wife "despite her impression evidenced by her testimony, that she never had title to it"; that Codman had orally assigned to her his claim against the defendant on the agreement to repurchase the stock; that the defendant recognized his obligation to pay the plaintiff; that title to the certificate passed to the defendant when the certificate was delivered to him by the plaintiff, and that thereafter he exercised dominion over it for his own purposes. The judge found that, whether the transaction constituted a novation or a straight sale, the plaintiff was entitled to recover $6,774.11 on the second count of the declaration.

The defendant has attacked the credibility of the plain-

tiff, pointed out certain alleged inconsistencies in her testimony, compared her testimony with that of the defendant, and, in effect, contends that the judge was wrong in his findings of fact. The determination of the weight to be given to the evidence of a witness who has testified in an action at law is the exclusive function of the trier of fact, *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207; *Howard* v. *Malden Savings Bank,* 300 Mass. 208, and findings of fact made by a trial judge on oral evidence are not reviewable on an appeal from an order of the Appellate Division. *Dolham* v. *Peterson,* 297 Mass. 479. *Gibbons* v. *Denoncourt,* 297 Mass. 448. This appeal brings before us only rulings of law reported by the trial judge and the action thereon by the Appellate Division. Nothing else can be considered. *Woodman* v. *Haynes,* 289 Mass. 114. *Bresnick* v. *Heath,* 292 Mass. 293.

With reference to the first count, the defendant requested the judge to make the following rulings: first, that upon all the evidence the plaintiff was not entitled to recover because (a) she has been paid in full, (b) the writing referred to in this count was an attempt to make a usurious agreement and is illegal; second, that the plaintiff did not and could not perform the special services mentioned in this writing as the condition of such services was illegal; third, that the said writing was given for an illegal consideration; fourth, that the plaintiff has been paid in full; fifth, that the writing is illegal under the laws of the Commonwealth; and, sixth, that the plaintiff has been overpaid. The defendant contended during the trial that the special services mentioned in the agreement upon which the first count was based were rendered in the sales of stock of the liquor corporation and that, as said shares were not qualified for sale in this Commonwealth, the alleged services were performed in violation of G. L. (Ter. Ed.) c. 110A. There was not only evidence that these services were of an entirely different nature, but the judge found that the plaintiff did not sell any stock in violation of said c. 110A, "although there was evidence that she and her husband endeavored to induce their acquaintances to buy stock."

The judge by granting the tenth, eleventh, twelfth and thirteenth requests shows that he instructed himself correctly as to the application of the said chapter. The evidence was ample to support the finding, which the judge impliedly made, that the consideration for the written agreement did not consist of the rendition of services by the plaintiff that were performed in violation of this chapter. The judge was not required to find that the agreement was affected by any alleged usury or was tainted by illegality, and was warranted in finding that it was based upon a valid consideration and that there was a balance due the plaintiff. The question of consideration was one of fact and not of law. *Seager* v. *Drayton*, 217 Mass. 571. *Sullivan* v. *McEttrick*, 248 Mass. 496. There was no error in refusing the first and fifth requests in so far as they presented any question of law. The remaining requests, although couched in the form of requests for rulings, were in effect requests for findings of fact. A judge may and frequently does pass upon such requests for the convenience and information of the parties, and in the present case it sufficiently appears from the judge's findings that he did not find the facts upon which these requests purported to be based. Even if they were supported by the testimony the judge was not required to grant them. His only duty was to apply correct principles of law to the facts established by the evidence and decide the case. *Castano* v. *Leone*, 278 Mass. 429. *Memishian* v. *Phipps*, 311 Mass. 521.

The defendant made three requests for rulings in reference to the second count. The seventh request was that the plaintiff was not the owner of any shares of the liquor corporation and had no legal right to sell any shares under the "sale of securities act." The eighth request was, in substance, that as the plaintiff was not a broker registered under the "sale of securities act" she had no authority to sell or pledge the shares of the corporation. The ninth request called for a ruling that any sale, pledge or hypothecation of the shares of said corporation was illegal and that the plaintiff was not entitled to recover. The judge, as we have already pointed out, found that the plaintiff made

no sales in violation of G. L. (Ter. Ed.) c. 110A. These requests were properly refused either because they called for findings of fact or for rulings that were based on facts contrary to those found by the judge. *Mericantante* v. *Boston & Maine Railroad*, 291 Mass. 261. *Geraci* v. *A. G. Tomasello & Son, Inc.* 293 Mass. 552. *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86.

The first additional request of the defendant asked for a ruling that there was a variance between the proof and the allegation contained in the second count. The plaintiff was suing to recover the balance due on the sale of shares of stock to the defendant. She testified that she delivered the shares to the defendant on his statement that he would pay her $7,124.11 and that he paid her only $350. It is clear that there was no variance even though there was other evidence that tended toward a different conclusion. The second additional request was that the plaintiff, claiming under an oral assignment from her husband, could not recover in her name the balance due. The plaintiff was not suing as assignee for damages for the breach of any agreement which the defendant made with her husband. As will presently appear, she could be found to be the vendor of the stock in her own right and was suing to recover the balance of the purchase price.

The fourteenth request, which applies to both counts, asked for a ruling that the evidence was insufficient as matter of law to warrant a finding for the plaintiff. Nothing further need be said in reference to the first count, but a further word is necessary concerning the second count. The judge found for the plaintiff either on the ground of novation or a sale. Whether there was a novation was a question of fact. In order to have the old agreement between the defendant and Codman superseded by the new agreement between the plaintiff and the defendant it was necessary that all three parties to these agreements should assent. The plaintiff and the defendant made the second agreement with knowledge of the old agreement. The defendant was credited with the amount he had paid Codman, and thereafter dealt with the plaintiff as owner of the

shares and not with Codman. It was probably a matter of indifference to him whether he repurchased from the husband or wife as long as the price remained the same and he received the stock. The arrangement resulted in a substitution of his creditors. It was not necessary to show that Codman expressly assented to the substitution of the new agreement for the old one or that he gave any formal release to the defendant. It is enough if such assent could be implied from his conduct in the light of all the circumstances. It would not be unreasonable to infer that Codman learned from his wife of the agreement she made with the defendant, and although he had received only $200 and she only $350, there is no evidence that he made any objections or any demands upon the defendant. After the new agreement was made he acted as if he never had had any agreement to sell the shares to the defendant. It might be suggested that there was no reason for any further activity on his part for he had assigned his rights under the old agreement to his wife and transferred the shares to her. This would hardly explain his inactivity if he merely pledged the shares with her, as she testified, and he would naturally be expected to be interested in the disposition made of them by his wife, especially if made to one in whom, as the judge found, he did not have complete confidence. In these circumstances, his silence could properly be interpreted as indicating his assent. We think that it could not be ruled as matter of law that the evidence was insufficient to sustain a finding that a novation had been made. *Orcutt* v. *Nelson*, 1 Gray, 536. *Ellis* v. *Felt*, 206 Mass. 472. *McNulty* v. *Cruff*, 211 Mass. 489. *Traveler Shoe Co.* v. *Koch*, 216 Mass. 412. *New England Cabinet Works* v. *Morris*, 226 Mass. 246. *Kirtley* v. *C. G. Galbo Co. Inc.* 244 Mass. 179. *Slotnick* v. *Smith*, 252 Mass. 303. *Peyser* v. *Myers*, 135 N. Y. 599. *Schloss Bros. & Co. Inc.* v. *Bennett*, 260 N. Y. 243.

The finding that the plaintiff made a "straight sale" of the stock to the defendant was not without support in the evidence. The defendant is not shown to have had any knowledge that the stock had been pledged to the plaintiff by her husband, and the title to the shares, the certificate

having been indorsed in blank, passed to him on delivery by the plaintiff. *Edgerly* v. *First National Bank of Boston,* 292 Mass. 181. *DeBoer* v. *Anthony,* 300 Mass. 403. *Meehan* v. *North Adams Savings Bank,* 302 Mass. 357. *Director of Liquidations* v. *Wood,* 306 Mass. 1.

A careful reading of the record discloses nothing that prevented the judge from believing the plaintiff's testimony or that as matter of law required a finding on either count for the defendant. The denial of the fourteenth request was proper.

*Order dismissing report affirmed.*