No. 4579.

# CHARLES ZELLEN

v.

# HARVEY MOTOR SALES, INC.

ENO, J. This is an action of contract by which the plaintiff seeks to recover $650.00 for breach of a contract of sale on May 25, 1950 of a second hand automobile which, it is alleged, bore no motor nor serial number. On October 17, 1950 the plaintiff wrote a letter to the defendant to "come and take the car at once."

The defendant, besides generally denying the allegations of the plaintiff, pleaded the acceptance of the automobile by the defendant and his failure to give notice of any breach of warranty within a reasonable time.

The plaintiff paid $650.00 for the automobile, a 1940 Oldsmobile and without personal inspection took the word of the party who sold the automobile to the defendant as to the motor and serial number. On October 11, 1950 while attempting to sell the automobile, the plaintiff discovered the lack of these numbers.

There was further evidence that on or about October 20, 1950 a certificate of Authorization was issued to the defendant to stamp the original motor number upon the automobile, but the plaintiff refused to allow the defendant to do so.

The Court denied the following requests for rulings of the plaintiff:

"1. If the court find that the defendant made a representation as to the motor and serial number contained in the car, and that the said representation had a tendency to induce plaintiff to purchase, the same, constituted an express warranty.

[28]

3. If the court find that the said motor vehicle did not contain the motor and serial number as represented by the defendant the same would constitute a breach of express warranty.

4. If the court find that there was a breach of warranty, then the plaintiff was entitled to rescind the contract.

11. If the court find that the rescession claimed by the plaintiff was valid then as a matter of law any effort made by the defendant to mitigate damages would have no effect on the case at bar since no contract would thereafter exist between the plaintiff and the defendant.

12. On all the evidence the court must as a matter of law find in favor of the plaintiff.

13. That as a matter of fact a motor vehicle without a motor or serial number is not merchantable."

The Court found for the plaintiff in the sum of $25.00 and made the following "special findings and rulings:"

"JUDGE'S SPECIAL FINDINGS AND RULINGS"

"In the above-entitled case I find that there was no motor number on the automobile when sold by the defendant to the plaintiff, I find that there was a serial number.

The defendant in good faith believed that there was a motor number when he purchased the car from one Ouilette, which is the car he later sold to the plaintiff.

Shortly after the plaintiff discovered the absence of the motor number and thought he had discovered the absence of the serial number, he could have sold the car back to the defendant. He told the defendant, or its agent, that he had been trying to sell the car, without success, to several other parties and that he was unable to sell it because of the absence of these numbers. He was asked what was the highest price he had been offered. His answer was '$225.00.'

A finding would also be warranted that the fair market value at the time the plaintiff endeavored to make the sale was between $225.00 and $250.00. The plaintiff's

damages are much more imaginary than real. With a little effort and time he could have arranged to have a motor number assigned to this car through the Registry of Motor Vehicles."

"The plaintiff's requests for rulings Nos. 1, 3, 4, 11, 12, 13, are disallowed on facts found.

It is not necessary to rule seriatim on the defendant's requests for rulings. They are sufficiently covered by the Special Findings and Rulings."

The report states that it contains "all the evidence material to the question reported" but fails to conclude before the judge's signature with the usual phrases "I hereby report the same to the Appellate Division for determination."

The first four and number 13 of the plaintiff's requests called for findings of facts which the trial judge was not obliged to make. *Memishian* v. *Phipps,* 311 Mass. 521, 523; *Codman* v. *Beane,* 312 Mass. 570, 574; *Perry* v. *Hanover,* 314 Mass. 167, 170. Furthermore, some are based on facts which the trial judge did not find.

Request number 12 could not be given since the plaintiff had the burden of proof, and the trial judge was not obliged to believe plaintiff's evidence.

In any event the trial judge has made a finding for the plaintiff, who made no request covering the question of damages.

There being no prejudicial error in the denial of these requests the report is to be dismissed.

For Plaintiff: Farese & Schneider.

For Defendant: Albert E. Morris.