*Southern District*

ANN MURPHY ET AL
v.
NARRAGANSETT PRODUCTS CO., INC. ET AL

*Present*: Nash, P. J. & Lee, J.

Case tried to *Cox, J.* in the District Court of Northern Norfolk (Dedham). No. 47,760.

*Lee, J.* This is an action of tort or contract to recover for personal injuries alleged to have been caused by a defective bottle.

The declaration is in eight counts. Count I alleges that plaintiff, Ann Murphy, was injured because of a breach of warranty of merchantability on the part of the defendant, Albert H. Ziegler. Count II alleges that plaintiff, Ann Murphy, was injured because of the negligence of the defendant, Narragansett Products Company, Inc. Count III alleges that the plaintiff, Ann Murphy, sustained personal injuries because of a breach of warranty of merchantable quality on behalf of the defendant, Albert H. Ziegler. Count IV alleges that plaintiff, Ann Murphy, sustained personal injuries because of a breach of warranty on the part of the defendant, Narragansett Products, Inc. Counts V, VI, VII and VIII are all counts for consequential

damages on behalf of Frank Murphy, husband of plaintiff, Ann Murphy, based on allegations which correspond to the allegations in the first four counts.

The answers of the defendants are a general denial, contributory negligence, assumption of the risk and the Statute of Limitations.

*At the trial* it was stipulated by counsel that defendant, Narragansett Products Co., Inc., supplied Narragansett beer to the defendant, Albert Ziegler, in glass quart containers.

*At the trial there was evidence tending to show that* on July 23, 1960, the plaintiff, Ann Murphy, purchased a quart bottle of Narragansett from Ziegler's Market in the middle of the afternoon; that this bottle along with other groceries was delivered to her home; that she placed the bottle in the refrigerator and did not remove it until just immediately prior to the accident; that the bottle was stored on the top shelf of the refrigerator; that she did not use the bottle or do anything with it until after she removed it from the refrigerator just before the accident; that she opened the refrigerator, took out the bottle and placed it on a kitchen counter; that she held the bottle in position with her right hand and proceeded to remove the cap with a hook type opener; that as she did so the bottle broke and that the portion of the bottle to which the cap was attached stuck into the middle finger of her right hand; that she pulled the glass from her hand and was

spattered with blood; that she went to a neighbor who applied a tight bandage; that two days later she went to see and was treated by Dr. John F. McVay first on July 25, 1960, and later on October 26, 1960; that as a result of the accident the plaintiff had to wear a bandage and dressing on her finger for about three weeks and that she continued to the date of the trial to have a sensation of numbness and discomfort in her finger; that on July 23, 1960, the plaintiff was unemployed housewife; that Dr. McVay, whose report was submitted without objection as to diagnosis and opinion, treated her for a one quarter inch laceration of the distal phalanx of the third finger, right hand; treatment consisted of cleansing the wound, use of a "butterfly" bandage, and a dry sterile bandage; that the bottle which caused the plaintiff's injury was made an exhibit and is incorporated into this report by reference thereto.

The defendant Narragansett duly made the following requests for rulings:

1. There is no evidence to warrant a finding for the plaintiffs.
2. There is evidence to warrant a finding for the defendant.

The court denied defendant Narragansett's request number one and allowed request number two.

The court found the following facts:

"I find that the plaintiff carefully handled the bottle of beer from the time of its purchase and until she was injured

while attempting to remove the cap. I find that the bottle was defective and that the defect is fairly attributable to negligence on the part of the defendant, Narragansett Products Co., Inc."

The court found for the plaintiff, Ann Murphy, on Count II against the defendant Narragansett and for the defendants on all other counts.

The defendant Narragansett claims to be aggrieved by the denial of its request No. 1 that there is no evidence to warrant a finding for the plaintiff.

The question in this case is whether the plaintiff has sustained her burden of proof showing that the defendant Narragansett Products Company, Inc. was negligent in the explosion of a bottle of its beer purchased from Ziegler's Market by the plaintiff and causing her injury when she attempted to remove the cap.

■ Our courts have recognized the distinction between carbonated beverages and non-carbonated beverages. *Evangelio v. Metropolitan Bottling Co., Inc.,* 339 Mass. 177; *Hadley v. Hillcrest Dairy, Inc.,* 341 Mass. 624; *Selissen v. Empire Bottling Co., Inc.,* 343 Mass. 779.

■ In the case of an explosion of a bottle of carbonated beverage an inference could be drawn that the contents were excessively carbonated whereas the mere breaking of a bottle of non-carbonated beverage cannot give rise to the inference that the defendant was negli-

gent in failing to discover the defect. *Burnham v. Lincoln,* 225 Mass. 408.

To recover in this case the plaintiff must prove more than the fact of the explosion. Whereas here, the explosion occurred after the defendant had surrendered the bottle of beer, it is incumbent upon the plaintiff to show that the bottle had not been improperly handled by herself or intermediate handlers. *Evangelio v. Metropolitan Bottling Co., Inc.,* 339 Mass. 177, 183.

The trial judge in his findings of fact stated that the plaintiff carefully handled the bottle of beer from the time of its purchase until her injury, while attempting to remove the cap. A review of the evidence set out in the report amply justifies this finding and warranted the judge in inferring that the bottle was defective and attributable to the negligence of the defendant, Narragansett Products Company, Inc.

A finding of a judge must stand if it can be supported by any reasonable view of the evidence. *O'Toole v. Magoon,* 295 Mass. 527; *McKenna v. Andresi,* 292 Mass. 213; *Codman v. Bean,* 312 Mass. 570.

This case appears to be directly in line with *Evangelio v. Metropolitan Bottling Co., Inc.,* 339 Mass. 177 and is distinguished from *Selissen v. Empire Bottling Co., Inc.,* 343 Mass. 779 cited by the defendant wherein the plaintiff did not sustain the burden of proof showing that there had been no mishandling

after the bottle left the control of the defendant.

There being no prejudicial error, *the report is ordered dismissed.*

Katzmann & Dray, Richard M. Dray, of Hyde Park, for the Plaintiffs.

Parker, Coulter, Daley & White, of Boston, for the Defendants.