*Southern Division*
No. 36142
**FRED BIAGINI, ET AL**
v.
**PETER GELCO**

*Present:* Nash, C.J., Lee, J., Murphy, J.

Case tried to *Casey, J.* in the District Court of East Norfolk   No. 36142

*Lee, J.* This is an action of tort for personal injuries and property damage caused by the negligence of the defendant arising out of an automobile accident involving the motor vehicle owned and operated by him. The defendant's answer was a general denial and contributory negligence.

*At the trial there was evidence to show the following:*

It was agreed that Dorchester Avenue, Boston was a public way and that both vehicles were properly registered and that both plaintiff and defendant were owners and operators of their respective vehicles; that the weather was clear and the road dry and that the

accident occurred on Dorchester Avenue near West Broadway at about 8:20 A.M. on November 3, 1964.

There was evidence from the Boston Traffic Commission that the northbound side of Dorchester Avenue at the site of the accident is 33 1/2 feet wide. The traffic control consists of a three lamp red, green and yellow signal. There is no green arrow for either a left or right turn for traffic proceeding in a northerly direction on Dorchester Avenue at West Broadway.

The defendant, called as the first witness, testified that he was driving to work at the Gillette Co., that he drove toward the intersection in the right lane, that there was traffic to his left which he passed; that when he came close to the intersection there were 2 lanes of traffic stopped ahead to his left and there was one car stopped at the red light in the lane in which the defendant was traveling; that he was going straight ahead and not making a right turn on West Broadway; that he proceeded in the right lane past traffic on his left; that he was operating at about 15 M.P.H., had power brakes on his car, gave no warning or signal as he came up on the right side of cars stopped to his left; that the passenger's door of the plaintiff's car opened out about 10 inches when he was about 6 feet away from it and he hit the door with his left front fender; it was called to his attention that in his

answer to interrogatories he stated he was 6 feet away from the vehicle and not the door and he said he meant to say the door. He also said that there was room for four cars on Dorchester Avenue at the point of the accident and that there was ample room for him to pass to the right of the stopped cars.

The plaintiff testified that he was the 4th or 5th in a line of cars facing the red traffic light at Dorchester Avenue and West Broadway; that there were three cars abreast of each other at the red light and that except for the first car there were no other cars in the lane to his right; that his daughter (who was also a plaintiff but who waives her appeal) was a passenger in the front seat and was getting out of his car to go for coffee before work; that she looked to her rear and saw no cars coming and opened the door about a foot; that while she was holding the door open and talking with the plaintiff he saw the defendant's car about 4 or 5 cars back coming up in the right lane about 25 M.P.H.; that there was a screech of brakes and the defendant's car hit the plaintiff's right front door pushing it into the front fender.

At the close of the trial the plaintiff made the following requests for rulings and the Court disposed of them as follows:

> 1. Negligence of the defendant who was the passing driver may be found from the fact that he attempted to pass at an im-

prudent time and place and warrants a finding for the plaintiff. *Denied.*

2. The fact that at the moment of contact the plaintiff was stopped and in the exercise of due care warrants a finding that the plaintiff was not contributorily negligent as a matter of law. *Immaterial see findings.*

3. The circumstances of the collision create a reasonable inference based on common experience that it would not have occurred if the defendant had been careful. *Denied.*

4. The fact that the defendant passed too close to the plaintiff's vehicle was as a matter of law the proximate cause of the collision and negligence on the part of the defendant. *Denied.*

5. The fact that defendant overtook and was attempting to pass the plaintiff's vehicle in the right hand lane in violation of General Laws Chapter 89, Section 4B was as a matter of law the proximate cause of the accident. *Denied.*

6. The violation of General Laws Chapter 89, Section 4B was evidence of negligence on the part of the defendant. *Denied.*

7. There is no evidence upon which a finding can be made for the defendant. *Denied.*

The trial judge made the following findings of fact:

> "I find that the plaintiff, Maureen Biagini, was negligent in opening right door of car in which she was a passenger as she was preparing to alight from the car which was stopped in a line of traffic to left of defendant's car which was proceeding in right lane of three lane highway. I find no negligence on the part of the defendant. I find there was no violation of Chapter 89, Section 4B."

The plaintiff claims to be aggrieved by the denial of his requests for rulings 1 through 7 and by the finding for the defendant.

There was no error. The plaintiff takes the position (a) that the defendant was negligent in that he violated the provisions of G.L.c. 89, § 4B and also (b) that he passed too close to the plaintiff's vehicle.

The pertinent parts of G. L. c. 89, § 4B state as follows:

> "Upon all ways the driver of a vehicle shall drive in the lane nearest the right side of the way when such lane is available for travel, except when overtaking another vehicle or when preparing for a left turn. When the right lane has been constructed or designated for purposes other than ordinary travel, a driver shall drive his vehicle in the lane adjacent to the right lane except when overtaking an-

other vehicle or when preparing for a left or right turn.''

The trial justice rightly found that these provisions did not apply to the facts in this case. We concur that the Legislature never intended this section to apply to multi-lane highways where cars may proceed with caution on any lane open to them.

Dorchester Avenue in the City of Boston is such a highway. It is separated by an island and the northbound lanes can accommodate three cars abreast. This accident occurred about 8:20 A.M. and the avenue was extremely busy handling traffic headed toward Boston.

There are no known cases in Massachusetts interpreting Chapter 89, Section 4B as to the facts in this case. However, such a situation as this is commented upon in American Jurisprudence, Proof of Cases, Volume 8, Page 711, second paragraph entitled ''Passing'' as follows:

''Many statutes regulating passing do not apply unless one of the vehicles must change its lateral position on the highway to get around the other. Statute does not apply to lines of traffic passing on multi-lane highways where vehicles moving in adjacent lines may overtake and pass one another without yielding their places in the lanes in which they were traveling. Most statutes regulating passing, especially those requiring an audible signal,

are directed towards traffic on undivided, two lane highways in open country, where overtaking vehicles in order to pass must turn out to the left side of the road and temporarily move on, or partially on the left side of the road where they are subjected to the hazard of meeting vehicles coming from the opposite direction, sometimes at great speed. They do not apply to traffic moving along busy city streets and congested residential thoroughfares; motorists driving on these roads are charged with knowledge that vehicles are moving at different speeds in front of, in back of, and to each side of them. Consequently, they are bound to anticipate that a vehicle may overtake and pass them at any time.''

We now examine the plaintiff's second contention that the defendant was negligent in that he operated his motor vehicle too close to the plaintiff's vehicle.

The exact engineer's measurements of this northbound lane was 33 1/2 feet in width. The average width of a pleasure vehicle is approximately 5 to 6 feet in width. There was sufficient room for three cars to be safely abreast of each other in the exercise of due caution. The defendant was moving with due care into the vacant space to the right of the plaintiff when the plaintiff's door was opened without any warning and contacted the de-

fendant's vehicle. Whether the defendant's vehicle was too close to the plaintiff's vehicle at the moment of contact was a question of fact for the Court to determine. We cannot say that he was in error.

A trial justice's findings of fact will not be disturbed unless they are clearly wrong. *Codman* v. *Bearce,* 312 Mass. 570; *O'Toole* v. *Magoon,* 295 Mass. 527; *DeMatteo Construction Co.* v. *Commonwealth,* 338 Mass. 568.

Although the trial justice did not specifically treat the question of the defendant operating his motor vehicle too close to the plaintiff's in his opinion, his general finding is conclusive, if supported by any evidence, and imports the finding of all permissable subsidiary facts essential to the decisions reached. *O'Toole* v. *Magoon,* 295 Mass. 527 at 530; *DeMatteo Construction Co.* v. *Commonwealth,* 338 Mass. 569-572.

There being no reversible error in the court's finding for the defendant or in its denial of the plaintiff's requests for rulings *the report is ordered dismissed.*

JOHN T. GAFFNEY
  of Boston for the Plaintiff
JOHN L. ALLEN
  of Norwood for the Defendant