*Northern District*

No. 8100

**IRENE RABINOVITZCH**

**v.**

**SEA CREST CADILLAC-PONTIAC, INC.**

Argued: Sept. 20, 1973 - Decided: Mar. 12, 1974

*Present:* Cowdrey, P.J., Bacigalupo & Forte, JJ.

Case tried to *Newth, J.* in the District of Southern Essex, No. 1420/71.

**Cowdrey, P.J.** The plaintiff in this action of contract and tort seeks to recover damages for loss of a motor vehicle in the possession of the defendant pursuant to an agreement by the defendant to repair and return the vehicle to the plaintiff.

In disposing of several of the defendants' requests for rulings, the court ruled that the burden of proof rested with the defendant to show that it exercised due care to prevent the loss or destruction of the plaintiffs vehicle, and further found as a fact that the defendant had not sustained the burden. There was a finding for the plaintiff in the sum of $4491.00. The defendant being aggrieved by said rulings brings the matter to this Division.

It was stipulated between the parties that a bailment existed and there was evidence that on January 27, 1970, at about 9:00 a.m., the husband of the plaintiff brought the plaintiff's automobile to the defendant's place of busi-

ness, on the Lynnway in Lynn, Massachusetts, where it was engaged in the business of selling and repairing motor vehicles, whereupon the husband of the plaintiff delivered the auto into the care, custody, and control of the defendant for the purpose of repairing and/or servicing same. It was stipulated that the value of the automobile was $4,334.00, and the value of the personal property contained therein was $157.00.

The husband of the plaintiff left the keys to the car with the defendant's service manager, who then hung the keys on a hook used for that purpose after he had written up the service and repair order. The husband of the plaintiff had locked the car and left it outside the building near one of the large garage doors.

Later that day, at about 6:15 p.m., the husband of the plaintiff returned to pick up the car, went to the Cashier's office inside the defendant's building and paid the bill, got the keys to the car which were maintained inside the office area not open to the public and within a cage beyond the reach of anyone on the outside of the office, was told by the cashier that he would find the car in the parking lot out back, went to look for the car with the assistance of some employees of the defendant, but was unable to locate it, whereupon an employee of the defendant said he would notify the police.

The recent case of *Knowles* v. *Gilchrist Company,* 1972 Mass. Advance Sheets 1783, provides the answer to the issue raised by the report. It was said in that case "once the Bailor proves delivery of the property to the Bailee in good condition, and the failure to redeliver upon timely demand, the burden of proof is irrevocably fixed upon the Bailee to prove by a fair preponderance of the evidence that he has exercised due care to prevent the property's loss or destruction"; and further, that this rule "extends to all bailment for hire cases, whether brought in tort or contract, in which the Bailee has exclusive control over the property at the time it was destroyed or damaged."

Applying the rule in the *Knowles* case, the trial justice was correct in ruling that the burden of proof rested on the defendant to show its due care while in possession of the plaintiffs' motor vehicle. We do not think it required, as suggested by the defendant to distinguish between burden of proof or persuasion, the burden of production or the burden of going forward.

The defendant argues that the fact situation in the present case can be distinguished from the *Knowles* case and therefore a different rule must be applied. We can see no basic difference between the *Knowles* case where there was an agreement to repair and return furni-

ture and an agreement, as in this case, to repair and return an automobile.

The defendant further argues that to impose the *Knowles* rule in the present case would work an undue hardship on a business such as the defendant conducts, placing on it the burden of insuring against every possible loss whereas the plaintiff could protect himself against loss by low cost insurance. We are not impressed by this argument. As was indicated in the *Knowles* case, the burden should lie on the one who has greater access to the information needed to show negligence or due care, namely the bailee.

The remaining question presented by the defendants' requests for rulings is whether as a matter of law the defendant has sustained the burden of proving that the loss of the vehicle was not occasioned by its lack of due care. The trial court in responding to the defendants' requests ruled that there was no evidence where the vehicle was parked after repairs, no evidence that the vehicle was locked after repairs and no evidence that the vehicle was kept within a protected area. The court further found as of fact that the defendant was negligent.

The findings of the trial justice are not to be overturned if supported by any reasonable view of the evidence. *Murphy* v. *Narraganset Products Co., Inc.,* 31 Mass. App. Dec. 133. A review of the evidence set out in the report

amply justifies the conclusion that the defendant has failed to sustain its burden of proving its exercise of due care. It will be noted that there was no evidence of what was specifically done with the plaintiff's car after its delivery to the defendant and what precautions, if any, were taken to prevent its loss.

**Report dismissed.**

ROLAND I. WOOD of Andover
  for Plaintiff

PHILIP L. SISK of Lynn
  for Defendant